## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                          Chapter 13

James Anthony Grossi,                           Case No. 25-43866-MLO

                        Debtor.                 Hon. Maria L. Oxholm
_____/

## MOTION FOR ORDER MODIFYING
## THE AUTOMATIC STAY UNDER 11 U.S.C. § 362

Jason W. Bank, solely in his capacity as Successor Trustee of the Ark
Laboratory Trust (the "Creditor"), by his undersigned counsel, in support of his
*Motion for Order Modifying the Automatic Stay Under 11 U.S.C. § 362* (the
"Motion"), states as follows:

### PRELIMINARY STATEMENT

1.      The Creditor files this Motion to modify the automatic stay that arose
upon the filing of a chapter 13 petition by James Anthony Grossi (the "Debtor"), one
of the defendants in an ongoing adversary proceeding pending before this Court in
the Ark Adversary Proceeding (as defined below) to permit the Creditor to continue
to pursue its unliquidated claims against the Debtor and other defendants (not subject
to the automatic stay).

1

2.     The Creditor also requests to modify the stay in order to satisfy, in part, the Debtor's liability from the proceeds of an insurance policy (defined below) under which the Debtor and each of the other defendants are covered individuals.

3.     As these unliquidated claims in the Ark Adversary Proceeding contain numerous overlapping facts, transactions and occurrences, and ultimately, the claims must be determined, liquidated and subject to a judgment, lifting the automatic stay as to the Debtor is appropriate and will promote judicial economy.

## JURISDICTION

4.     The Debtor filed a petition under chapter 13 (the "Chapter 13 Case") of title 11 of the United States Code (the "Bankruptcy Code") on April 15, 2025 (the "Petition Date").

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The Creditor seeks the relief requested herein pursuant to sections 105 and 362 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4001 and 9014, and Local Bankruptcy Rule 9014-1.

6.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**A.      The Ark Chapter 11 Case and Formation of the Ark Laboratory Trust.**

7.      Prior the Petition Date, on April 12, 2023 (the "Ark Petition Date"), the Debtor authorized the filing of a voluntary petition under chapter 11 of the Bankruptcy Code for Ark Laboratory, LLC ("Ark"), Case No. 23-43403-MLO (Bankr. E.D. Mich.) (the "Ark Chapter 11 Case").

8.      As of the Ark Petition Date, the Debtor was the president and sole member of Ark and also served as the responsible party of Ark on and after the Ark Petition Date. Ark continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      On September 19, 2023, Ark filed its *Combined Disclosure Statement and Plan of Liquidation* [Ark Chapter 11 Case, ECF No. 249] (the "Initial Plan").

10.      On October 13, 2023, Ark filed the *Plan Supplement*, that contained, among other things, a revised list of the Causes of Action preserved under the Plan, including Avoidance Actions, a list of the Executory Contracts proposed to be assumed under the Plan, and the Liquidating Trust Agreement [Ark Chapter 11 Case, ECF No. 302] (the "Initial Plan Supplement").

11.      On October 16, 2023 and October 22, 2023, Ark filed its *Corrected Plan Supplements* [Ark Chapter 11 Case, ECF Nos. 303, 310, and 366] (collectively,

3

the "Corrected Plan Supplement" and, together with the Initial Plan Supplement, the "Plan Supplement").

12.     On November 26, 2023, Ark filed a *First Amended Plan of Liquidation* [Ark Chapter 11 Case, ECF No. 365] (the "First Amended Plan") and, on November 30, 2023, Ark filed a *Second Amended Plan of Liquidation* [Ark Chapter 11 Case, ECF No. 384] (the "Second Amended Plan" and, collectively, with the Initial Plan and the First Amended Plan, the "Plan").

13.     On December 1, 2023, the Court entered its *Findings of Fact, Conclusions of Law and Order (I) Granting Final Approval of the Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* [Ark Chapter 11 Case, ECF No. 392] (the "Ark Confirmation Order") that, among other things, approved the establishment of the Ark Laboratory Trust and the appointment of the Creditor as Ark's liquidating trustee.

14.     The Plan became effective on December 14, 2023 ("Effective Date"), as reflected in the *Notice of Occurrence of Effective Date of Confirmed Second Amended Plan of Liquidation* [Ark Chapter 11 Case, ECF No. 413] (the "Notice of Effective Date").

15.     As part of the Ark Confirmation Order, the Court approved the *Liquidating Trust Agreement and Declaration of Trust* (the "Initial Trust

4

Agreement") that was subsequently amended on July 9, 2024 through the *First Amended and Restated Liquidating Trust Agreement and Declaration of Trust* (the "Amended Trust Agreement" and, together with the Initial Trust Agreement, the "Liquidating Trust Agreement"), pursuant to order of the Court [Ark Chapter 11 Case, ECF No. 649].

16.     On the Effective Date, all of Ark's assets, including the Causes of Action and Avoidance Actions, were transferred to, and vested in the Ark Laboratory Trust and Paul R. Hage, as the liquidating trustee, became the sole representative of Ark's estate.

17.     On July 2, 2024, this Court appointed Jason W. Bank as the Successor Trustee of the Ark Laboratory Trust [Ark Chapter 11 Case, ECF No. 644] and, as a result thereof, the Creditor was vested with the authority granted under the Liquidating Trust Agreement.[1]

18.     The Plan defines Causes of Action as, *inter alia*, all claims, suits, and Avoidance Actions under the Bankruptcy Code not previously released, compromised or settled in connection with the Plan.

---

[1] On May 29, 2024, Paul R. Hage provided notice that he intended to resign from his role as the Liquidating Trustee as part of the winding down of his legal practice due to his recent appointment to serve as a bankruptcy judge in this Court.

19.     The Creditor's claims against the Debtor were preserved under the Plan, the Plan Supplement and the Confirmation Order.

**B.      The Commencement of the Adversary Proceeding**

20.     On December 22, 2023, the Creditor's predecessor trustee commenced an adversary proceeding in the Ark Chapter 11 Case against various individuals and entities, including the Debtor, Case No. 23-04496-MLO (Bankr. E.D. Mich.) (the "Ark Adversary Proceeding").

21.      In the Ark Adversary Proceeding, the Creditor seeks a judgment against the Debtor for claims that include, among other things, breaches of the Debtor's fiduciary duties that he owed to Ark and avoidance of certain transfers of Ark's property pursuant to (i) sections 544, 547, 548, 549, and 550 of the Bankruptcy Code, and (ii) the Michigan Uniform Voidable Transfers Act (the "Ark Insider Claims").

22.     The Ark Adversary Proceeding is pending before this Court. The Ark Insider Claims, and Creditor's specific claims against the Debtor remain unliquidated against the Debtor. Creditor seeks to obtain a judgment and final determination of the Ark Insider Claims in the Ark Adversary Proceeding as to all defendants, including the Debtor.

23.     The Debtor is also an insured party under a certain executive liability policy held by Ark and issued by, Scottsdale Indemnity Company (the "Insurer"),

Executive Liability Policy No. EKI3461050 (the "Policy") that the Insurer issued to Ark for the benefit of Ark's directors and officers prior to the Ark Petition Date with a limit of $1.0 million.

24.     Pursuant to the Policy, the Insurer is providing the Debtor and certain other defendants with insurance coverage for the fees and costs of a legal defense in the Ark Adversary Proceeding.  In the event of an adjudication of the Ark Adversary Proceeding in favor of the Creditor or a settlement, to the extent that Policy proceeds remain, such remaining proceeds will be available to the Creditor to pay a judgment or to fund a settlement.

25.     The Ark Adversary Proceeding remains pending with trial scheduled for October 20, 2025.

26.     The Debtor's legal costs in connection with the Ark Adversary Proceeding have continued to be covered under the Policy; however, due to the commencement of Chapter 13 Case, the Creditor's action has been stayed as against the Debtor.  The Ark Adversary Proceeding has not been stayed as to other defendants of which the Creditor's claims against the Debtor and against other defendants contain numerous overlapping facts, transactions and occurrences.

**C.     Relief Requested.**

27.     Prior to filing the Motion, consistent with applicable rules, Creditor requested the Debtor's consent to stipulate to relief from the stay to (i) adjudicate

his claims against the Debtor in the Ark Adversary Proceeding in order to recover any remaining insurance proceeds, after payment of defense fees and costs, on account of the Debtor's liability; and (ii) promote judicial economy, as the ongoing litigation against other named defendants moves forward even with the stay imposed against Debtor in this Chapter 13 Case.[2]

28.     Despite several attempts, including a follow up email sent to the Debtor's counsel on April 25, 2025, no response has been received.

29.     Accordingly, Creditor has filed the Motion requesting that this Court and to modify the automatic stay for cause, pursuant to 11 U.S.C § 362(d)(1).

## **ARGUMENT**

30.     Section 362(d)(1) provides, in relevant part, as follows:

> (d)   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest;

*Id*. (emphasis added).

---

[2] To the extent that liability is established against the Debtor in the Ark Adversary Proceeding for an amount that exceeds available insurance proceeds under the Policy, Creditor will file a proof of claim for such amount in the Chapter 13 Case.

8

## A. Standard for Lifting the Automatic Stay

31.     Sections 105 and 362(d)(1) and Sixth Circuit precedent permit this Court to exercise its broad discretion to determine if there is "cause" to grant the Creditor its relief from the automatic stay.

32.     While the Bankruptcy Code does not define "cause" for purposes of Section 362(d)(1), "[i]nstead, courts must determine whether relief is appropriate on a case by case basis." *In re Birmingham Cosmetic Surgery, P.L.L.C.*, 2015 WL 1038801 * 2 (Bankr. E.D. Mich. Mar. 5, 2015) (relying on *Chrysler LLC v. Plastech Engineered Products, Inc. (In re Plastech Engineered Products, Inc.)*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (citing *Laguna Assocs., Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs., Ltd. P'ship),* 30 F.3d 734, 737 (6th Cir. 1994)

33.     The Second Circuit Court in *In re Sonnax Indus., Inc*, laid out twelve factors that courts may consider in determining whether "cause" exists to modify the automatic stay that include the following:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for

9

defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

907 F.2d 1280, 1286 (2d Cir. 1990) (citation omitted).

34.     All of the *Sonnax* factors need not be present in order for the court to lift the automatic stay.  Rather, the court must use its discretion to consider which factors are relevant to case at hand.  *Id*.

35.     The Sixth Circuit has adopted the *Sonnax* factors and reasoning, applying only factors which are appropriate under the facts of the case at hand. *See Garzoni*, 35 F. App'x, 179, 181 (6th Cir. 2002); *see also Birmingham Cosmetic Surgery*, 2015 WL 1038801 *2 ("Application of the *Sonnax* factors is a matter within the bankruptcy court's discretion; not all of the factors are applicable in every

case, nor are they entitled to equal weight." (citing *In re Laguna Assocs., Ltd. P'ship,* 30 F.3d at 737) (citations omitted)).

**B.    Application of the *Sonnax* Factors**

36.    While the Court may find additional factors relevant to this case, Creditor asserts the following factors are those most applicable to the facts at hand: (1) whether relief would result in a partial or complete resolution of the issues; (2) whether the other proceeding involves the debtor as a fiduciary; (3) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (4) whether the debtor's insurer has assumed full responsibility for defending it; (5) the interests of judicial economy and the expeditious and economical resolution of litigation; and (6) impact of the stay on the parties and the balance of harms.

37.    First, allowing Creditor to proceed with litigation against Debtor in the Ark Adversary Proceeding would result in a complete resolution of the issues without having to separately retry such issues in the Debtor's Chapter 13 case and, without the risk of inconsistent results. Whether the Ark Adversary Proceeding continues to trial or the parties reach a settlement, Debtor's liability to the Creditor will be fully adjudicated along with the other defendants.

38.    Second, one of the claims against Debtor in the Ark Adversary Proceeding is for breach of fiduciary duty and is best adjudicated when Debtor's

actions are considered along with the other named defendants for breach of their fiduciary duties. To do otherwise, would be duplicative and not promote judicial economy.

39.     Third, this Bankruptcy Court is the venue in which the Ark Adversary Proceeding will be adjudicated, and when considered together with the fifth factor—judicial economy—the actions of Debtor and other defendants in the Ark Adversary Proceeding are so intertwined, adjudication of the Ark Adversary Proceeding is best examined in a single proceeding rather than a secondary claims adjudication process in the Chapter 13 Case.

40.     Fourth, the Insurer has assumed responsibility for providing defense costs for certain defendants, including the Debtor, in the Ark Adversary Proceeding. Moreover, if insurance proceeds remain at the conclusion of litigation or through settlement, any judgment against Debtor would first be recovered against the Policy, and any excess claim that exceeds the Policy limit will be treated as a general unsecured claim in the Debtor's Chapter 13 Case. Adjudicating the Creditor's claim through the Ark Adversary Proceeding will negate having to litigate the allowance of his claim as part of the Debtor's chapter 13 plan.

41.     Fifth, the factor that weighs most heavily in favor of Creditor in this case—the interests of judicial economy and the expeditious and economical resolution of litigation—will be satisfied by modifying the automatic stay to allow

the Creditor to determine and to liquidate its claims against the Debtor as part of the Ark Adversary Proceeding.

42.     Furthermore, adjudication of the claims against Debtor in the Ark Adversary Proceeding is not only more expeditious, but also more economical for all parties. The Debtor, as one of the insured parties under the Policy is having his defense costs in the Ark Adversary Proceeding paid by the Insurer. Whereas, if the automatic stay is not modified, the Creditor would be forced to expend fees and costs twice—in the Ark Adversary Proceeding and in the Chapter 13 Case—thereby, negating funds that could otherwise go to creditors of Ark.

43.     Sixth and finally, there is no harm to Debtor for granting the Creditor stay relief. In fact, the Debtor would suffer harm if the stay is not modified. Debtor would not only be burdened by the stress of relitigating the claims, but would also be forced to bear additional litigation costs in the Chapter 13 Case, that are otherwise covered by the Insurer in the Ark Adversary Proceeding.  Bearing those costs would not only burden the Debtor, but would also increase the administrative expenses in the Chapter 13 Case, thereby further impairing general unsecured creditors therein.

44.     The Sixth Circuit has continually stressed that it has discretion whether to grant relief from the automatic stay. *See In re Garzoni*, 35 F. App'x at 181 ("The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court." (relying on *In re Laguna Assocs., Ltd. P'ship,* 30 F.3d at

737 and *In re Sonnax Indus., Inc.*, 907 F.2d at 1286); *see also In re Plastech Engineered Products, Inc.,* 382 B.R. 90; *In re Miller,* 513 Fed. App'x 566 (6th Cir. 2013).

45.    Accordingly, based on application of the *Sonnax* factors, the Court should exercise its discretion to lift the automatic stay to enable the Creditor to pursue its claims against the Debtor in the Ark Adversary Proceeding.

46.    A proposed order granting the relief sought herein is attached as **Exhibit 1**.

## <u>CONCLUSION</u>

WHEREFORE, the Creditor respectfully requests this Court grant the Motion to modify the automatic stay pursuant 11 U.S.C. § 362(d)(1) and in accordance with the proposed order attached as Exhibit 1 and grant any and all other just and equitable relief justified herein.

Respectfully submitted,

**TAFT STETTINIUS &
HOLLISTER, LLP**

By:    */s/ Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Anthony M. Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com

14

Dated: April 29, 2025                            *Counsel for the Creditor, Jason W. Bank,*
*Solely in his Capacity as Successor Trustee of*
*the Ark Laboratory Trust*

**EXHIBIT 1**

**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                              Chapter 13

James Anthony Grossi,                               Case No. 25-43866-mlo

                              Debtor.               Hon. Maria L. Oxholm

_____/

## ORDER MODIFYING
## THE AUTOMATIC STAY UNDER 11 U.S.C. § 362

THIS MATTER came before the Court upon Creditor's *Motion for Order Modifying the Automatic Stay Under 11 U.S.C. § 362* [ECF No. __] (the "Motion") to allow the Creditor to continue to pursue its litigation for a determination of the Creditor's claim, and to recover against the Debtor to the extent of available insurance proceeds pursuant to the Policy.[3] The Court having read the same and being otherwise fully and duly advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** the Motion is granted and the automatic stay is modified for cause pursuant to 11 U.S.C. § 362(d)(1).

**IT IS FURTHER ORDERED** that the automatic stay is hereby modified to permit the Creditor to continue to litigate and to pursue recovery of the Ark Insider

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Claims in the Ark Adversary Proceeding against the Debtor to a final and non-appealable judgment or other resolution.

**IT IS FURTHER ORDERED** that any such judgment obtained in the Ark Adversary Proceeding shall be deemed a liquidated and allowed claim against the Debtor's estate in this Chapter 13 Case, and the Creditor shall be permitted to recover payment or otherwise satisfy any such judgment from any available insurance proceeds or coverage available pursuant to the Policy.

**IT IS FURTHER ORDERED** that any distribution on account of the allowed claim of the Creditor obtained as a result of a judgment or other resolution in the Ark Adversary Proceeding, and only to the extent such allowed claim is not otherwise satisfied by insurance proceeds under the Policy, shall treated as an allowed general unsecured claim in this Chapter 13 Case.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over the implementation of this Order.

**EXHIBIT 2**

**NOTICE OF FILING OF CREDITOR'S MOTION FOR**
**ORDER MODIFYING THE AUTOMATIC STAY UNDER 11 U.S.C. §  362**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                          Chapter 13

James Anthony Grossi,                           Case No. 25-43866-mlo

                          Debtor.               Hon. Maria L. Oxholm

_____/

## NOTICE OF CREDITOR'S MOTION FOR ORDER
## MODIFYING THE AUTOMATIC STAY UNDER 11 U.S.C. § 362

Jason W. Bank, solely in his Capacity as the Successor Trustee of the Ark Laboratory Trust ("Creditor"), has filed a motion with the Court seeking entry of an order modifying the automatic stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, within fourteen (14) days, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
**211 West Fort Street, 17th Floor**
**Detroit, Michigan 48226**

2.      If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

_____

[1]     Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

1

You must also send a copy to:

Taft, Stettinius & Hollister, LLP
Attn: Kimberly Ross Clayson &
Anthony M. Cimini
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
acimini@taftlaw.com

      3.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER, LLP**

By:    */s/ Kimberly Ross Clayson*
          Kimberly Ross Clayson (P69804)
          Anthony M. Cimini (P86223)
          27777 Franklin Road, Suite 2500
          Southfield, Michigan 49034
          (248) 351-3000
          kclayson@taftlaw.com

*Counsel for the Creditor, Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust*

Dated: April 29, 2025

# EXHIBIT 3

## BREIF IN SUPPORT OF CREDITOR'S MOTION FOR
## ORDER MODIFYING THE AUTOMATIC STAY UNDER 11 U.S.C. § 362

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                    Chapter 13

James Anthony Grossi,                     Case No. 25-43866-mlo

                    Debtor.               Hon. Maria L. Oxholm

_____/

### BRIEF IN SUPPORT CREDITOR'S MOTION FOR ORDER
### MODIFYING THE AUTOMATIC STAY UNDER 11 U.S.C. § 362

Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Creditor"), by his counsel, Taft Stettinius & Hollister LLP, for his Brief in Support of his *Motion for Order Modifying the Automatic Stay Under 11 U.S.C. § 362* (the "Motion") relies upon the legal authority cited in the Motion.

Respectfully submitted,

**TAFT STETTINIUS &**
**HOLLISTER, LLP**

By:     */s/ Kimberly Ross Clayson*
        Kimberly Ross Clayson (P69804)
        Anthony M. Cimini (P86223)
        27777 Franklin Road, Suite 2500
        Southfield, Michigan 49034
        (248) 351-3000
        kclayson@taftlaw.com

        *Counsel for the Creditor, Jason W. Bank,*
        *Solely in his Capacity as Successor Trustee of*
        *the Ark Laboratory Trust*

Dated: April 29, 2025

**EXHIBIT 4**

**CERTIFICATE OF SERVICE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                          Chapter 13

James Anthony Grossi,                           Case No. 25-43866-mlo

                        Debtor.                 Hon. Maria L. Oxholm

_____/

### CERTIFICATE OF SERVICE

I hereby certify that my office served a copy of the foregoing Creditor's *Motion for Order Modifying the Automatic Stay Under 11 U.S.C. § 362* by ECF notification to all parties who have filed an appearance in the above-captioned adversary proceeding.

                        Respectfully submitted,

                        **TAFT STETTINIUS &**
                        **HOLLISTER, LLP**

                   By:  */s/ Kimberly Ross Clayson*
                        Kimberly Ross Clayson (P69804)
                        Anthony M. Cimini (P86223)
                        27777 Franklin Road, Suite 2500
                        Southfield, Michigan 49034
                        (248) 351-3000
                        kclayson@taftlaw.com

                        *Counsel for the Creditor, Jason W. Bank,*
                        *Solely in his Capacity as Successor Trustee of*
Dated: April 29, 2025   *the Ark Laboratory Trust*