**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                    Case No. 25-43866-MLO
                                         Chapter 13
     Debtor.                            Hon. Maria L. Oxholm

_____/

<u>**NOTICE OF FILING AMENDED EXHIBITS 6, 11, 12 AND 20**</u>
<u>**TO SUCCESSOR TRUSTEE'S MOTION TO APPROVE**</u>
<u>**(I) SETTLEMENT OF INSIDER CAUSES OF ACTION**</u>
<u>**AND (II) FOR OTHER RELIEF**</u>
<u>**PURSUANT TO BANKRUPTCY RULE 9019(a)**</u>

Notice is hereby given that Jason W. Bank, solely in his capacity as Successor

Trustee of the Ark Laboratory Trust ("<u>Successor Trustee</u>") is filing Amended

Exhibit 6, Amended Exhibit 11, Amended Exhibit 12 and Amended Exhibit 20, that

were attached to the Successor's Trustee's Motion to Approve (I) Settlement of

Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule

9019(a) [ECF No. 46], attached hereto as **Exhibits A, B, C**, and **D** along with red-

lined versions of each of the amended exhibits reflecting the changes made thereto.

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

*Counsel to Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

Dated: July 31, 2025

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                              Case No. 25–43866–MLO
                                                   Chapter 13
　　　Debtor.                                        Hon. Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

　　　I hereby certify that on July 31, 2025, I electronically filed the Notice of Filing

Amended Exhibits 6, 11, 12 and 20 to *Motion to Approve (I) Settlement of Insider*

*Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)*

(the "Motion") and the *Notice and Opportunity to Object* (the "Notice") with the

Clerk of the Court which sends notice by operation of the Court's electronic filing

service to all ECF participants registered to receive notice in this case.

Dated: July 31, 2025            Respectfully submitted by,

　　　　　　　　　　　　　　　**TAFT STETTINIUS & HOLLISTER, LLP**

　　　　　　　　　　　　　　　By: /s/ Judith Greenstone Miller
　　　　　　　　　　　　　　　Judith Greenstone Miller (P29208)
　　　　　　　　　　　　　　　Kimberly Ross Clayson (P69804)
　　　　　　　　　　　　　　　27777 Franklin, Suite 2500
　　　　　　　　　　　　　　　Southfield, MI 48034
　　　　　　　　　　　　　　　(248) 351-3000
　　　　　　　　　　　　　　　jgmiller@taftlaw.com
　　　　　　　　　　　　　　　kclayson@taftlaw.com
　　　　　　　　　　　　　　　*Counsel to Jason W. Bank, solely in his capacity as*
　　　　　　　　　　　　　　　*Successor Trustee of the Ark Laboratory Trust*

# EXHIBIT A
## To Notice

**Amended Exhibit 6**

**Settlement Agreement**

## AMENDED SETTLEMENT AGREEMENT

This Amended Settlement Agreement ("Settlement Agreement") is made on July 30, 2025, by and between Jason W. Bank, solely in his capacity as Successor Trustee (the "Successor Trustee" or "Plaintiff") of the Ark Laboratory Trust (the "Trust") and Plaintiff in the adversary proceeding known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adversary Proceeding No. 23-00496-MLO (the "Adversary Proceeding"), in the Ark Laboratory, LLC Chapter 11 case, Case No. 23-43403-MLO (the "Chapter 11 Case"), pending in the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") and defendants, James A. Grossi ("Grossi"), Brian Tierney ("Tierney"), Nameer Kiminaia ("Kiminaia"), Hamid Sattar ("Sattar"), the Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021, (the "Tierney Trust"), Nameer Kiminaia Living Trust Dated 5/31/2019, also known as, Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust" and, together with the Tierney Trust, the "Trusts"), ION Diagnostics, LLC ("ION Diagnostics") and ION Marketing, LLC ("ION Marketing" and together with Grossi, Tierney, Kiminaia, Sattar, the Tierney Trust, the Kiminaia Trust and ION Diagnostics, the "Defendants" and, collectively with the Plaintiff, the "Parties" and each individually a "Party").[1]

---

[1] On July 11, 2024, 2210/305, LLC, a defendant in the Adversary Proceeding, consented to entry of a default judgment against it for all claims asserted in the Adversary Proceeding and, thus, it is not a party to the Settlement Agreement. *See Stipulated Consent Judgment* [Adv. Pro. ECF 183].

**RECITALS**

**I.**    **The Ark Laboratory Chapter 11 Bankruptcy Case**

A.    Ark Laboratory, LLC ("Ark" or the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* ("Bankruptcy Code"), on April 12, 2023 (the "Petition Date") in the Court.

B.    The Debtor filed, and the Court confirmed, the *Debtor's Second Amended Plan of Liquidation* ("Plan") [ECF No. 384] pursuant to the *Finding of Fact, Conclusions of Law and Order (I) Granting Final Approval of Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* (the "Confirmation Order") [ECF No. 392] entered on December 1, 2023, which Plan became effective on December 14, 2023 ("Plan Effective Date").

C.    As part of the confirmed Plan, the Ark Laboratory Trust, a liquidating trust (the "Trust"), was established on the Plan Effective Date, as evidenced by the Liquidating Trust Agreement and Declaration of Trust ("Initial Trust Agreement"), at which time, all of the remaining assets of the Debtor, including the Causes of Action[2] (which included the Avoidance Actions arising under chapter 5 of the Bankruptcy Code), were transferred to the Trust.

D.    The Trust Agreement was subsequently amended pursuant to the First Amended and Restated Liquidating Trust Agreement and Declaration of Trust, approved by the Court ("Amended Trust Agreement" and, together with the Initial Trust Agreement, the "Trust Agreement") on July 9, 2024 pursuant to an *Order Granting Ex Parte Motion of Successor Trust to Approve Restated and First Amended Liquidation Trust Agreement and Declaration of Trust* [ECF No. 649].

---

[2] All capitalized terms not defined herein shall have the meanings provided in the Plan.

2

E.      Paul R. Hage was appointed as the initial trustee of the Trust (the "Trustee") and, after he resigned, Jason W. Bank was appointed as the Successor Trustee of the Trust pursuant to the Court's *Order (I) Approving the Appointment of Jason W. Bank as Successor Trustee of the Ark Laboratory Trust and (II) Granting Other Relief* [ECF No. 644].

F.      Section 4.2.11 of the Trust Agreement authorizes, among other things, the Successor Trustee "to prosecute and/or settle any Causes of Action, with or without approval of the Bankruptcy Court . . . ."

## II.     The Commencement of the Adversary Proceeding

A.      On December 22, 2023, the Trustee, as plaintiff, commenced the 22-count Adversary Proceeding against the Defendants, asserting various causes of actions against the Defendants, including (i) avoidance and recovery of fraudulent conveyances under Sections 544, 548 and 550 of the Bankruptcy Code and the Michigan Voidable Transactions Act, M.C.L. §§ 566.31 *et seq.*, (ii) avoidance and recovery of preferential transfers under Sections 547 and 550 of the Bankruptcy Code, (iii) avoidance and recovery of post-petition transfers under Sections 549 and 550 of the Bankruptcy Code, (iv) equitable subordination under Sections 105 and 510 of the Bankruptcy Code, and (v) recharacterization (the "Initial Complaint").

B.      The Initial Complaint was subsequently amended to add an additional count for breach of the Operating Agreement of the Debtor by Grossi, Tierney, Kiminaia and the Trusts (the "Amended Complaint" and, together with the Initial Complaint, the "Complaint").

C.      Each of the Defendants filed answers to the Complaint, filed numerous affirmative defenses and denied any liability.

D.      Prior to the commencement of the Chapter 11 Case, the Debtor purchased a Business and Management Indemnity Policy in the amount of $1 million, Policy No. EK13461050

3

(the "Insurance Policy") from Scottsdale Indemnity Company (the "Insurer"), under which the Insurer has been paying defense costs for Grossi, Tierney, Kiminaia and Sattar to defend the claims asserted against them in the Adversary Proceeding.

E.    The Plaintiff and the Defendants participated in extensive discovery consisting of depositions, interrogatories, requests to produce documents and requests to admit. In addition, the Plaintiff and the Defendants engaged in a three-day mediation to attempt to resolve the claims in the Complaint in August 2024.

F.    On April 15, 2025, Grossi filed a voluntary petition under chapter 13 of the Bankruptcy Code, Case No. 25-43866 (the "Chapter 13 Case"), which imposed an automatic stay that precluded collection action as to Grossi.

G.    On June 2, 2025, the Court held a hearing and granted the Successor Trustee's *Motion to Modify the Automatic Stay Under 11 U.S.C §362* [Grossi Chapter 13 ECF No. 13] in the Chapter 13 Case. *See Order Modifying the Automatic* Stay [Grossi Chapter 13 ECF 37].

H.    The Successor Trustee and Grossi acknowledge that they did not engage in any material settlement discussions between the date the mediation resolution fell apart and the petition date in Grossi's Chapter 13 Case.

I.    The Parties have engaged in several weeks of extensive settlement negotiations and have agreed to a settlement of the Adversary Proceeding pursuant to the terms and conditions set forth in this Settlement Agreement.

J.    In order to seek approval of this Settlement Agreement, the Successor Trustee has filed or will file a *Motion to Approve (I) Settlement of Insider Cause of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the Chapter 11 Case and in the

4

Chapter 13 Case.[3]

NOW, THEREFORE, in consideration of the mutual promises and obligations contained herein, the Parties agree to be legally bound as follows:

**AGREEMENT**

1.      **Recitals**: Each of the Recitals set forth in this Agreement are true and correct and incorporated in their entirety herein.

2.      **Settlement Payment By and On Behalf of Defendants**

(a)      Grossi, Tierney, Kiminaia, Sattar and the Tierney Trust,[4] collectively shall pay the Successor Trustee a total of Seven Hundred Thousand and 00/100 Dollars ($700,000.00) in a lump sum cash payment (the "Lump Sum Settlement Payment") within thirty (30) days after entry of the later of a final nonappealable order approving the Settlement Agreement by the Court in (a) the Chapter 11 Case, and (b) the Chapter 13 Case (collectively, the "Settlement Orders") via the wire instructions, attached as **Exhibit A** to this Settlement Agreement (the "Wire Instructions"). The above payment obligations with respect to the Lump Sum Settlement Payment are not joint and several obligations; rather, the Lump Sum Settlement Payment is comprised of separate and independent payment obligations, as follows: (i) Tierney and/or the

---

[3] References to specific rules of the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __." Similarly, references to specific chapters of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __."

[4] The Insurer is providing Three Hundred Thousand and 00/100 Dollars ($300,000.00) of the Lump Sum Settlement Payment (as defined herein) on behalf of Grossi, Tierney, Kiminaia and Sattar to facilitate the settlement of the Adversary Proceeding pursuant to a separate Settlement Agreement and Release (the "Insurer Settlement Agreement") between the Insurer, on the one hand, and Grossi, Kiminaia, Tierney and Sattar, on the other hand, as referenced in paragraph 2(a).

17416185?

Tierney Trust shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000); (ii) Sattar shall pay the Successor Trustee the total amount of One Hundred Thousand and 00/100 Dollars ($100,000); and (iii) the Insurer shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000) on behalf of Grossi, Tierney, Kiminaia and Sattar (the "Insurer's Settlement Payment");[5] provided, however, each of these Parties and the Insurer that is contributing a portion of the Lump Sum Settlement Payment are required to pay their portion of the Lump Sum Settlement Payment to the Successor Trustee such that it is actually received by the Successor Trustee within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders; provided, further, until the Successor Trustee has received the last of all of the aforementioned payments from Tierney, the Tierney Trust, Sattar and the Insurer, the time for the Successor Trustee to file the stipulation and submit the order of dismissal of the Adversary Proceeding to the Court as to Kiminaia, Sattar, ION Diagnostic and ION Marketing under the Settlement Agreement shall not start to run. If the Insurer fails to pay the Successor Trustee the Insurer's Settlement Payment, the Successor Trustee may enforce the Insurer's obligation to make the Insurer's Settlement Agreement as an intended third-party beneficiary of the Insurer's Settlement Agreement.

(b)     The Adversary Proceeding shall be dismissed with prejudice and without costs as to all Defendants, except Grossi, Tierney, the Tierney Trust and the Kiminaia Trust, within ten

---

[5] The Insurer may make the Insurer's Settlement Payment to the Successor Trustee via the Wire Instructions or via a check made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI 48226, Attn. Jason W. Bank; provided, however, if the Insurer elects to make the Insurer's Settlement Payment by check, the check must be actually received by the Successor Trustee within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders.

(10) days of the receipt of the Lump Sum Settlement Payment referenced in paragraph 2(a) above by the Successor Trustee, in the form attached as **Exhibit 13** to the Motion.

       3.      **Additional Settlement Payment by Tierney and the Tierney Trust**

(a)      Tierney and the Tierney Trust shall pay the Successor Trustee a total of Fifty Thousand and 00/100 Dollars ($50,000.00) (the "Additional Tierney Settlement Payment") within six (6) months of entry of the later of Settlement Orders via the Wire Instructions.

(b)      Tierney and the Tierney Trust may prepay the Additional Tierney Settlement Payment, or any portion thereof, without penalty, cost or charge.

(c)      The Additional Tierney Settlement Payment shall be secured by a pocket consent judgment in the amount of Seventy-five Thousand and 00/100 Dollars ($75,000) (the "Tierney Consent Judgment"), in the form attached as **Exhibit 7** to the Motion. If Tierney or the Tierney Trust fails to timely pay the Additional Tierney Settlement Payment, Tierney and the Tierney Trust will be in default of the Settlement Agreement, and the Successor Trustee will serve a notice of default upon the Tierney and the Tierney Trust and its counsel, as provided in paragraph 25 *infra*. If Tierney or the Tierney Trust fails to timely cure the default by wiring or delivering the Additional Tierney Settlement Payment to the Successor Trustee in collectable funds within fourteen (14) days after receipt of the notice of default, the Successor Trustee may reopen the Adversary Proceeding and file the Tierney Consent Judgment in the amount of Seventy-five Thousand and 00/100 Dollars ($75,000), less any payments received, with the Court, pursuant to **Exhibit 8** attached to the Motion, and upon entry of the Tierney Consent Judgment, the Successor Trustee may immediately commence collection of the Tierney Consent Judgment against Tierney and the Tierney Trust. Once Tierney or the Tierney Trust pays the

17416185.2

Additional Tierney Settlement Payment in full, the Tierney Consent Judgment will be deemed satisfied and released to Tierney and the Tierney Trust.

(d)    During the pendency of the Settlement Agreement, Tierney shall be prohibited from terminating the Tierney Trust.

(e)    The Adversary Proceeding shall be dismissed without prejudice and without costs as to the Tierney and the Tierney Trust within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders and receipt of the Lump Sum Settlement Payment by the Successor Trustee, in the form attached as **Exhibit 14** to the Motion. Within ten (10) days of the Successor Trustee receiving the Additional Tierney Settlement Payment from Tierney or the Tierney Trust or satisfaction of the Tierney Consent Judgment (if there is a default in payment by Tierney or the Tierney Trust), Tierney and the Tierney Trust stipulate to the Successor Trustee reopening the Adversary Proceeding to dismiss the Adversary Proceeding with prejudice and without costs as to Tierney and the Tierney Trust, in the form attached as **Exhibit 16** to the Motion.

4.    **Additional Settlement Payment by the Kiminaia Trust.**

(a)    The Kiminaia Trust shall pay the Successor Trustee a total of Fifty Thousand and 00/100 Dollars ($50,000.00) (the "Kiminaia Settlement Payment") over a period of twelve (12) months as follows: Eight Thousand Seven Hundred and Fifty and 00/100 Dollars ($8,750.00) (the "Initial Installment") to be paid within thirty (30) days after entry of the later of Settlement Orders and thereafter, eleven (11) equal monthly installments in the amount of Three Thousand Seven Hundred and Fifty and 00/100 Dollars ($3,750.00) (collectively, the "Monthly Installment Payments" and each a "Monthly Installment Payment"), with the first such Monthly Installment Payment commencing two (2) months after the entry of the later of Settlement Orders, and

17/4161852

thereafter, each month until all of the Monthly Installment Payments have been remitted to the Successor Trustee. The Initial Installment and each of the Monthly Installment Payments shall be made to the Successor Trust via check made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI, 48226, Attn. Jason W. Bank such that the check for each the Initial Installment and each Monthly Installment Payment is actually received by the Successor Trustee when due.

(b)     The Kiminaia Trust may prepay the Kiminaia Settlement Payment, or any portion thereof, without penalty, cost or charge.

(c)     The Kiminaia Settlement Payment shall be secured by a pocket consent judgment in the amount of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000) (the "Kiminaia Consent Judgment"), in the form attached as **Exhibit 9** to the Motion. If the Kiminaia Trust fails to timely pay the Initial Installment or a Monthly Installment Payment, the Kiminaia Trust will be in default of the Settlement Agreement, and the Successor Trustee will serve a notice of default upon the Kiminaia Trust and its counsel, as provided in paragraph 25 *infra*. If the Kiminaia Trust fails to timely cure the default by wiring or delivering the Monthly Installment Payment to the Successor Trustee in collectable funds within fourteen (14) days after receipt of the notice of default, the Successor Trustee may reopen the Adversary Proceeding and file the Kiminaia Consent Judgment in the amount of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000), less any payments received, with the Court, pursuant to **Exhibit 10** attached to the Motion, and upon entry of the Consent Judgment, the Successor Trustee may immediately commence collection of the Kiminaia Consent Judgment against the Kiminaia Trust and Kiminaia, as Trustee of the Kiminaia Trust; provided, however, Kiminaia, individually, shall not be personally liable for the obligations of the Kiminaia Trust. Once the Kiminaia Trust pays

9

the Kiminaia Settlement Payment in full, the Kiminaia Consent Judgment will be deemed satisfied and released to the Kiminaia Trust.

(d)     During the pendency of the Settlement Agreement, Kiminaia shall be prohibited from terminating the Kiminaia Trust and, if he does so, he shall be individually liable for the Kiminaia Settlement Payment and the liability under the Kiminaia Consent Judgment.

(e) The Adversary Proceeding shall be dismissed without prejudice and without costs as to the Kiminaia Trust upon the later of (i) ten (10) days of receipt of the Initial Installment by the Successor Trustee, and (ii) entry of the later of the Settlement Orders, in the form attached as **Exhibit 15** to the Motion. Within ten (10) days of the Successor Trustee receiving the final Monthly Installment Payment from the Kiminaia Trust or satisfaction of the Kiminaia Consent Judgment (if there is a default in payment by the Kiminaia Trust), the Kiminaia Trust stipulates to the Successor Trustee reopening to dismiss the Adversary Proceeding with prejudice and without costs as to the Kiminaia Trust, in the form attached as **Exhibit 17** to the Motion.

5.     **Additional Settlement Payment by Grossi**

(a)     During the pendency of the Chapter 13 Case, the Successor Trustee shall not take any action to collect from Grossi, except as expressly authorized in this Settlement Agreement.

(b)     Grossi hereby consents to a judgment of nondischargeability in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) (the "Nondischargeability Judgment") pursuant to a stipulation and judgment, in the form attached as **Exhibit 11** to the Motion; and the Trust shall be entitled to an allowed Class Nine general unsecured claim in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) in the Chapter 13 Case, with such claim to be treated as nondischargeable until Grossi has satisfied his obligations under

10

this Settlement Agreement (the "Grossi Claim"), in the form attached as **Exhibit 11** to the Motion.

(c)     If Grossi defaults under the Settlement Agreement and fails to cure said default(s), as set forth in section 4(h) below after Grossi's discharge in the Chapter 13 Case has been granted and/or the Chapter 13 Case has been closed, Grossi shall not object to the reopening of the Chapter 13 Case for entry to of the Nondischargeability Judgment pursuant to a motion filed by the Successor Trustee pursuant to Bankruptcy Rule 5010, in the form attached as **Exhibit 12** to the Motion. Upon entry of an order dismissing or converting the Chapter 13 Case or such action being taken by the Court, the Successor Trustee may seek entry of the Nondischargeability Judgment, pursuant to the stipulation and order attached as **Exhibit 11** to the Motion and, if at such time, Grossi has not defaulted under the Settlement Agreement or failed to cure said default(s) as set forth in section 5(h) below, the Successor Trustee shall stay enforcement and collection of the Nondischargeability Judgment until Grossi defaults and fails to cure such default, as provided herein.

(d)     If the Court enters an order confirming a chapter 13 plan and Grossi makes all payments required thereunder, Grossi shall have sixty (60) months from the issuance of his discharge in the Chapter 13 Case to pay the Grossi Claim. Grossi may make such payments either pursuant to the Wire Instructions or via check delivered to the Successor Trustee in collectable funds made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI, 48226, Attn. Jason W. Bank such that the check is actually received by the Successor Trustee when due.

(e)     Grossi may prepay the Grossi Claim or any portion thereof at any time without penalty, cost or charge.

(f)     If Grossi dies (i) the Grossi Claim shall be deemed paid in full, (ii) the Trust shall have no further claim or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity against Grossi's estate, heirs, family members, beneficiaries or assets, and (iii) the Trust waives its right to pursue collection of the Grossi Claim from any source whatsoever.

(g)     The Successor Trustee retains the right to sell, assign or transfer the Grossi Claim.

(h)     If (i) Grossi's chapter 13 plan is not confirmed, (ii) the Chapter 13 Case is converted to chapter 7, or (iii) the Chapter 13 Case is dismissed, Grossi shall pay the Successor Trustee Two Hundred Thousand and 00/100 Dollars ($200,000.00), less any payments previously received on account of the Grossi Claim, in sixty (60) equal monthly payments (collectively, the "Grossi Monthly Installment Payments" and each the "Grossi Monthly Installment Payment"), with the first monthly payment to commence on the thirtieth (30th) day after entry of the order of dismissal or conversion but in no event earlier than May 1, 2026, with each Grossi Monthly Installment Payment made thereafter on the fifteenth (15th) day of each month. The Successor Trustee shall hold (and not submit for entry by any court) the Nondischargeability Judgment unless and until Grossi defaults in his payment obligations. Upon the occurrence of a default in payment, the Successor Trustee will serve Grossi and his counsel with a notice of default, as provided in paragraph 25 *infra*. If Grossi fails to timely cure the default by wiring the Grossi Monthly Installment to the Successor Trustee either (i) pursuant to the Wire Instructions, or (ii) via check delivered to the Successor Trustee in collectable funds made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI 48226, Attn. Jason W. Bank such that the check is actually received by the Successor Trustee when due, within fourteen (14) days of the Notice

{74161852

of Default, Grossi stipulates, if the Chapter 13 Case is closed, to not objecting to the Successor Trustee's motion to reopen the Chapter 13 Case pursuant to Bankruptcy Rule 5010 for the Successor Trustee to submit the Nondischargeability Judgment in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00), less any payments received, in the form attached as **Exhibit 12** hereto, to the Court for entry.

(i)     Notwithstanding anything in this Settlement Agreement to the contrary, if Grossi pays the Successor Trustee the aggregate amount of One Hundred and Thirty-Five Thousand and 00/100 Dollars ($135,000.00), inclusive of any payments made to the Successor Trustee on the Grossi Claim, within forty-five (45) months of (i) the entry of an order dismissing or converting the Chapter 13 Case, or (ii) the issuance of a discharge in the Chapter 13 Case, pursuant to timely monthly payments due to be paid to the Successor Trustee on the fifteen (15th) day of each month, the Nondischargeability Judgment and Grossi Claim shall be deemed satisfied and paid in full and the Trust shall have no further claim or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity against Grossi.

(j)     Upon the later of (i) the later entered Settlement Order, and (ii) the entry of the order allowing the Grossi Claim, the Adversary Proceeding as to Grossi shall be dismissed without prejudice and without costs, in the form attached as **Exhibit 18** to the Motion. Within ten (10) days of Grossi completing his obligations contained in this paragraph 5, Grossi stipulates to the Successor Trustee reopening the Adversary Proceeding with prejudice and without costs as to Grossi, in the form attached as **Exhibit 19** to the Motion.

(k)     Upon Grossi's satisfaction of his payment obligations to the Trust, as set forth in this paragraph 5 of the Settlement Agreement Grossi shall not object to the reopening of the

Chapter 13 Case for entry of a Satisfaction of pursuant to a motion filed by the Successor Trustee pursuant to Bankruptcy Rule 5010, in the form attached as **Exhibit 20** to the Motion.

6.     **Mutual Releases**.

A.     Except for the obligations set forth in this Settlement Agreement, and subject to the timing of releases as set forth below, the Successor Trustee on one hand, and the Defendants, on the other hand, fully and unconditionally release each other, as well as their successors, assigns, and attorneys, from any and all claims, losses, liabilities, damages, and causes of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity as a result of any act, omission, transaction, contract, statement, representation, event, or occurrence that occurred prior to the date of this Settlement Agreement, including, but not limited to, all claims that have been made or could have been made in the Chapter 11 Case, the Chapter 13 Case and the Adversary Proceeding currently pending between the Parties in the Court (the "Released Claims"). Notwithstanding the foregoing, nothing in this Settlement Agreement addresses, resolves and/or releases any claims among and/or between the Defendants.

B.     With respect to the Defendants, other than Tierney, Grossi, the Tierney Trust and the Kiminaia Trust, the releases set forth above shall only be effective upon (i) entry of the Settlement Orders, and (ii) receipt of the Lump Sum Settlement Payment referenced in paragraph 2(a) above by the Successor Trustee.

C.     With respect to the releases between Grossi and the Successor Trustee, such releases shall only be effective upon entry of (i) the Settlement Orders, and (ii) the order approving the Grossi Claim; provided; however, such release shall not apply to the Grossi Claim and the Nondischargeable Judgment.

14

174161852

D.     With respect to the Kiminaia Trust, such releases shall only be effective upon the entry of (i) the Settlement Orders, and (ii) receipt of the Kiminaia Settlement Payment or satisfaction of the Kiminaia Consent Judgment, in accordance with the terms set forth above in paragraph 4.

E.     With respect to Tierney and the Tierney Trust, such releases shall only be effective upon the entry of (i) the Settlement Orders, (ii) receipt of the Lump Sum Settlement Payment, and (iii) receipt of the Additional Tierney Settlement Payment or satisfaction of the Tierney Consent Judgment, in accordance with the terms set forth above in paragraph 3.

F.     Each of the Defendants hereby waive (i) any claims scheduled for them by the Debtor, (ii) any proofs of claim filed by them in the Debtor's Chapter 11 Case, and (iii) any claims that they may assert against the Debtor's estate on the basis of Section 502(h) of the Bankruptcy Code or any other basis.

F.     Defendants acknowledge and agree that, notwithstanding anything in this Agreement to the contrary, by execution of this Settlement Agreement, no Defendant is releasing any other Defendant, or their successors or assigns, from any claim, loss, liability, damage, or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity as a result of any act, omission, transaction, contract, statement, representation, event, or occurrence that occurred prior to the date of this Settlement Agreement.

G.     Each Party is aware that hereafter it/he may discover claims or facts in addition to or different from those it/he now knows or believes to be true with respect to the matters addressed herein. Nevertheless, it is each Party's intention to settle and to fully, finally, and forever release all Released Claims, whether suspected or unsuspected. In furtherance of their

15

intentions, each Party's release given herein shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relating thereto.

H.      Each Party warrants and represents that no other person or entity has any interest in any Released Claims and that it/he has not sold, assigned, transferred, or otherwise conveyed the Released Claims; provided, however, nothing contained herein shall preclude or prohibit the Successor Trustee from subsequently assigning, transferring or selling the Grossi Claim, as provided in paragraph 20, *infra*.

I.      Except as to a breach of any representation, obligation or duty in this Settlement Agreement, each Party covenants and agrees that it/he will not institute any action or actions, cause or causes of action (in law or in equity), suits, debts, liens, claims, demands, known or unknown, fixed or contingent, that it/he may have or claim to have in state or federal court, or with any state, federal or local government agency, or with any administrative or advisory body relating to, in any way whatsoever, the Released Claims.

7.      **Fees and Costs.** The Successor Trustee agrees not to object to insurance coverage for the reimbursement of attorney's fees and expenses for Grossi, Tierney, Kiminaia and Sattar by the Insurer.

8.      **Court Approval**: This Settlement Agreement is subject to (i) the filing of the Motion for Approval of the Settlement Agreement pursuant to Fed.R.Bankr.P. 9019 in the Ark Laboratory Chapter 11 Case and in the Grossi Chapter 13 Case, (ii) entry of the Settlement Orders, and (iii) entry of an order allowing the Grossi Claim in the Chapter 13 Case.

9.      **Entire Agreement.** This Settlement Agreement and the exhibits attached hereto constitute the entire understanding with respect to the subject matter hereof, and this Settlement

r/4161852

Agreement supersedes and replaces, in their entirety, all prior or contemporaneous agreements, discussions, statements, or representations, oral or written. Any modifications or amendments to this Settlement Agreement must be in writing and signed by the Parties to be charged in order to be effective. This Settlement Agreement may not be contradicted by prior, contemporaneous, or subsequent oral agreements. All prior and contemporaneous oral agreements, if any, between the Parties are merged into this Settlement Agreement and do not survive this Settlement Agreement's execution. This Settlement Agreement is an integrated document and the consideration stated herein is the sole consideration for this Settlement Agreement. Notwithstanding the foregoing, Grossi, Tierney, Kiminaia and Sattar executed a separate and independent Settlement and Release Agreement with the Insurer necessary for the Insurer's Settlement Payment.

10.     **No Admissions**: The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. It is understood that this Settlement Agreement does not constitute an admission of wrongdoing or liability on the part of any Party, but is made to terminate further controversy respecting the claims and relationships settled herein. This Settlement Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability or wrongdoing, or for any purpose other than to enforce the terms of this Settlement Agreement or as otherwise stated herein.

11.     **Advice of Counsel**: The Parties acknowledge that each has had the opportunity to seek and rely upon the advice of counsel in the negotiation and execution of this Settlement Agreement.

74161852

12.    **Drafting Provision.** This Settlement Agreement is entered into among competent businesspersons and has been reviewed by the Parties and their counsel, if any. Therefore, any ambiguous language in this Settlement Agreement will not be interpreted or construed for or against any particular Party.

13.    **Authority**: Subject to entry of the Settlement Orders, the Parties represent and warrant that they have full power, authority and legal right to, and have obtained all approvals and consents necessary to execute, deliver and perform all actions required under this Settlement Agreement.

14.    **Severability/Partial Invalidity.** Each of the Parties hereto intends and believes that each provision of this Settlement Agreement comports with all applicable local, state and federal laws. However, if any provision or provisions, or any portion of any provision or provisions, of this Settlement Agreement is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law administrative decisions, or public policy, or if such court should declare such portion, provision or provisions of this Settlement Agreement to be illegal, invalid, unlawful, void or unenforceable as written, it is the intent of each of the Parties hereto that any such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Settlement Agreement shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein, and that the rights, obligations, and interest of the Parties hereto under the remainder of the Settlement Agreement shall continue in full force and effect.

15.    The term *"including"* means "including, without limitation," and the term *"includes"* means "includes, without limitation."

18

174161852

16. **Headings.** All headings are inserted for convenience and do not affect this Settlement Agreement's construction or interpretation.

17. **Counterparts**: This Settlement Agreement may be executed in several counterparts, each of which shall constitute an original, so that all of which taken together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic scan shall be considered as one and the same as an original signature.

18. **Merger/No Oral Modification**: This Settlement Agreement constitutes the entire understanding of the Parties in connection with the subject matter hereof and may only be amended or modified in a writing signed by the Parties to be bound.

19. **Binding Effect.** Except as otherwise provided herein, this Settlement Agreement is binding on each Party and their respective successors, assigns, heirs, and personal representatives.

20. **Inconsistency/Controlling Documents.** To the extent there is any discrepancy between the terms set forth in the Motion, the Settlement Orders and this Settlement Agreement, the terms of this Settlement Agreement shall control.

21. **Nonassignability.** This Settlement Agreement shall inure to the benefit of and may be enforced by the Parties hereto and their respective successors, assigns, including any direct or indirect successor by purchase, merger, consolidation or otherwise to all or substantially of the business and/or assets of the Parties. None of the Parties may assign their rights or obligations in connection with this Settlement Agreement without the prior written consent of all the Parties subject to this Settlement Agreement; provided, however, the Successor Trustee retains the right to sell, assign or transfer the Grossi Claim.

22.      **Costs and Attorneys' Fees**: The Parties shall each bear their own fees and costs, including attorney's fees, associated with this Settlement Agreement and the resolution of the claims subject hereto.

23.      **Choice of Law**: This Settlement Agreement is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Michigan and shall be in all respects governed, construed, applied and enforced in accordance with the laws of the State of Michigan irrespective of its conflict of law provisions.

24.      **Jurisdiction**: To the extent a dispute arises under this Settlement Agreement, it shall be determined by the Court.

25.      **Notice.** All notices and other communications required or permitted under this Agreement shall be in writing and shall be deemed to have been duly given, made and received only when delivered (personally, by courier service such as Federal Express, or by other messenger), when sent by electronic facsimile or four days following the day when deposited in the United States mail, registered or certified air mail, postage prepaid, return receipt requested, addressed as set forth below:

| | |
|---|---|
| If to Grossi: | James A. Grossi |
| | 1344 Addington Court |
| | Lake Orion, MI 48360 |
| | Email: thun2210@hotmail.com |
| | |
| With a copy to: | Michael A. Zousmer |
| | Zousmer Law Group PLC |
| | 4190 Telegraph Road, Suite 3000 |
| | Bloomfield Hills, MI 48302 |
| | Email: Michael@zlawplc.com |
| | |
| | and |

f74161852

Brian Witus
                                    Saretsky Hart Michaels + Gould PC
                                    995 South Eton
                                    Birmingham, MI 48009
                                    Email: bwitus@saretsky.com

                                    and

                                    Afan Bapacker
                                    The Law Office of Afan Bapacker, P.C.
                                    1 Parkland Blvd.
                                    Suite 729 East
                                    Dearborn, MI 48126
                                    Email: afan@ba[ackerlaw.com

If to Sattar:                       Hamid Sattar
                                    6050 Greenfield Road, Suite 101
                                    Dearborn, MI 48126
                                    Email: sattarham@gmail.com

With a copy to:                     Michael A. Zousmer
                                    Zousmer Law Group PLC
                                    4190 Telegraph Road, Suite 3000
                                    Bloomfield Hills, MI 48302
                                    Email: Michael@zlawplc.com

                                    and

                                    Brian Witus
                                    Saretsky Hart Michaels + Gould PC
                                    995 South Eton
                                    Birmingham, MI 48009
                                    Email: bwitus@saretsky.com

If to Kiminaia:                     Nameer Kiminaia
                                    132 Linda Court
                                    Bloomfield Hills, MI 48304-2814
                                    Email: nkiminaia@iondiagnostics.com

With a copy to:                     Michael A. Zousmer
                                    Zousmer Law Group PLC
                                    4190 Telegraph Road, Suite 3000
                                    Bloomfield Hills, MI 48302
                                    Email: Michael@zlawplc.com

                                    and

                                    21

f74161852

|                          | Brian Witus |
|                          | Saretsky Hart Michaels + Gould PC |
|                          | 995 South Eton |
|                          | Birmingham, MI 48009 |
|                          | Email: bwitus@saretsky.com |

If to Tierney:              Brian Tierney
18439 N. Shore Estates Road
Spring Lake, MI 49456-9117
Email: btierney@iondiagnostics.com

With a copy to:        Michael A. Zousmer
Zousmer Law Group PLC
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302
Email: Michael@zlawplc.com

and

Brian Witus
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, MI 48009
Email: bwitus@saretsky.com

If to the Tierney Trust:    Brian Tierney
18439 N. Shore Estates Road
Spring Lake, MI 49456-9117
Email: btierney@iondiagnostics.com

With a copy to:        Raymond J. Salloum
Raymond J. Salloum PC
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
Email: salloumlaw@comcast.net

If to the Kiminaia Trust:   Nameer Kiminaia
132 Linda Court
Bloomfield Hills, MI 48304-2814
Email: nkiminaia@iondiagnostics.com

22

| | |
|---|---|
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to ION Diagnostics: | Brian Tierney<br>18439 N. Shore Estates Road<br>Spring Lake, MI 49456-9117<br>Email: btierney@iondiagnostics.com |
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to ION Marketing: | Brian Tierney<br>18439 N. Shore Estates Road<br>Spring Lake, MI 49456-9117<br>Email: btierney@iondiagnostics.com |
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to the Successor Trustee: | Jason W. Bank<br>Kerr Russell and Weber, PLC,<br>500 Woodward Avenue, Suite 2500,<br>Detroit, MI 48226<br>Email: jbank@kerr-russell.com |
| With a copy to: | Kimberly Ross Clayson and<br>Judith Greenstone Miller<br>Taft Stettinius & Hollister LLP<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034<br>Email: kclayson@taftlaw.com<br>          jgmiller@taftlaw.com |

23

174161852

26.    **Effective Date.** This Agreement shall be effective on the first day following the later of (i) the Settlement Orders becoming final and (ii) the order approving Creditor Claim, each becoming final and nonappealable.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

174161852

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: Successor Trustee

Dated: July 28, 2025

**BRIAN TIERNEY**

By: _____

Dated: _____

**HAMID SATTAR**

By: _____

Dated: _____

**NAMEER KIMINAIA**

By: _____

Dated: _____

**ION DIAGNOSTICS, LLC**

By: _____

Its: _____

Dated: _____

**ION MARKETING, LLC**

By: _____

Its: _____

Dated: _____

**\*\*\*(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)\*\*\***

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: _____

Dated: _____

**BRIAN TIERNEY**

By: _____

Dated: _____

**HAMID SATTAR**

By: _____

Dated: 7/29/2025

**NAMEER KIMINAIA**

By: _____

Dated: _____

**ION DIAGNOSTICS, LLC**

By: _____

Its: _____

Dated: _____

**ION MARKETING, LLC**

By: _____

Its: _____

Dated: _____

**\*\*\*(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)\*\*\***

25

**IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement as of the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: _____

Dated: _____

**BRIAN TIERNEY**

By: _____

Dated: _____

**HAMID SATTAR**

By: _____

Dated: _____

**NAMEER KIMINAIA**

By: _NAMEER KIMINAIA_

Dated: _7/25/2021_

**ION DIAGNOSTICS, LLC**

By: _____

Its: _____

Dated: _____

**ION MARKETING, LLC**

NAMEER KIMINAIA

By: _____

Its: _PRESIDENT_

Dated: _7/25/2021_

***(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)***

25

174161852

**THE TIERNEY FAMILY TRUST
DATED 12/21/2018, AMENDED AND
RESTATED AND NOW KNOWN AS
BRIAN O. TIERNEY LIVING TRUST
DATED MARCH 3, 2021**

By: _____

Its: _____

Dated: _____

**JAMES A. GROSSI**

By: _____

Dated: _____

**THE NAMEER KIMINAIA LIVING
TRUST DATED 5/31/2019, ALSO KNOWN
AS KIMINAIA LIVING TRUST DATED
5/31/2019**

By: _____ NAMEER KIMINAIA

Its: PRESIDENT

Dated: 7/25/2025

26

174161852

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of

the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: _____

Dated: _____

**BRIAN TIERNEY**

By: _~~Brian Tierney~~_

Dated: _7-25-25_

**HAMID SATTAR**

By: _____



Dated: _____

**NAMEER KIMINAIA**

By: _____



Dated: _____

**ION DIAGNOSTICS, LLC**

By: _~~Brian Tierney~~_

Its: _____

Dated: _7-25-25_

**ION MARKETING, LLC**

By: _~~Brian Tierney~~_

Its: _____

Dated: _7-25-25_

***(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)***

**THE TIERNEY FAMILY TRUST DATED 12/21/2018, AMENDED AND RESTATED AND NOW KNOWN AS BRIAN O. TIERNEY LIVING TRUST DATED MARCH 3, 2021**

By: _Brian Tierney_

Its: _____

Dated: _7-25-25_

**THE NAMEER KIMINAIA LIVING TRUST DATED 5/31/2019, ALSO KNOWN AS KIMINAIA LIVING TRUST DATED 5/31/2019**

By: _____

Its: _____

Dated: _____

**JAMES A. GROSSI**

By: _____

Dated: _____

26

THE TIERNEY FAMILY TRUST
DATED 12/21/2018, AMENDED AND
RESTATED AND NOW KNOWN AS
BRIAN O. TIERNEY LIVING TRUST
DATED MARCH 3, 2021

THE NAMEER KIMINAIA LIVING
TRUST DATED 5/31/2019, ALSO KNOWN
AS KIMINAIA LIVING TRUST DATED
5/31/2019

By: _____

Its: _____

Dated: _____

By: _____

Its: _____

Dated: _____

JAMES A. GROSSI

By: _____

Dated: 7/28/2025

26

1741615.52

**<u>EXHIBIT A</u>**

**WIRE INSTRUCTIONS**

27

# Incoming Wire Transfer

## Please provide this form to the party initiating the wire.

**Date:** 09/18/2024

### Beneficiary Information

Bank Name & Address:

Metropolitan Commercial Bank

99 Park Ave

4th Floor

New York, NY 10016

ABA Number (For Domestic Wires)

████████

SWIFT (For Foreign Wires)

████████

---

**NOTE TO SENDER**

**Please ensure that ABA number listed on this form is used for this wire transfer request.**

You may visit the Federal Reserve website to validate

https://www.frbservices.org/EPaymentsDirectory/searchFedwire.html

---

Account Number: ████████

Account Name: ARK LABORATORY, LLC TRUST

Case Number: 23-43403-MLO

Reference: Jason Bank #420680

### Contact Information

Contact Name: Jason Bank

Contact Phone: 313 961-0200

**Redline Version of Exhibit 6**

## **<u>AMENDED</u> SETTLEMENT AGREEMENT**

This <u>Amended</u> Settlement Agreement ("<u>Settlement Agreement</u>") is made on July __, 2025, by and between Jason W. Bank, solely in his capacity as Successor Trustee (the "<u>Successor Trustee</u>" or "<u>Plaintiff</u>") of the Ark Laboratory Trust (the "<u>Trust</u>") and Plaintiff in the adversary proceeding known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adversary Proceeding No. 23-00496-MLO (the "<u>Adversary Proceeding</u>"), in the Ark Laboratory, LLC Chapter 11 case, Case No. 23-43403-MLO (the "<u>Chapter 11 Case</u>"), pending in the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Court</u>") and defendants, James A. Grossi ("<u>Grossi</u>"), Brian Tierney ("<u>Tierney</u>"), Nameer Kiminaia ("<u>Kiminaia</u>"), Hamid Sattar ("<u>Sattar</u>"), the Tierney Family Trust Dated 12/21/2018, amended and restated and now known as Brian O. Tierney Living Trust Dated March 3, 2021, (the "<u>Tierney Trust</u>"), Nameer Kiminaia Living Trust Dated 5/31/2019, also known as, Kiminaia Living Trust Dated 5/31/2019 (the "<u>Kiminaia Trust</u>" and, together with the Tierney Trust, the "<u>Trusts</u>"), ION Diagnostics, LLC ("<u>ION Diagnostics</u>") and ION Marketing, LLC ("<u>ION Marketing</u>" and together with Grossi, Tierney, Kiminaia, Sattar, the Tierney Trust, the Kiminaia Trust and ION Diagnostics, the "<u>Defendants</u>" and, collectively with the Plaintiff, the "<u>Parties</u>" and each individually a "<u>Party</u>").[1]

---

[1] On July 11, 2024, 2210/305, LLC, a defendant in the Adversary Proceeding, consented to entry of a default judgment against it for all claims asserted in the Adversary Proceeding and, thus, it is not a party to the Settlement Agreement. *See Stipulated Consent Judgment* [Adv. Pro. ECF 183].

# RECITALS

## I.     The Ark Laboratory Chapter 11 Bankruptcy Case

A.     Ark Laboratory, LLC ("Ark" or the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* ("Bankruptcy Code"), on April 12, 2023 (the "Petition Date") in the Court.

B.     The Debtor filed, and the Court confirmed, the *Debtor's Second Amended Plan of Liquidation* ("Plan") [ECF No. 384] pursuant to the *Finding of Fact, Conclusions of Law and Order (I) Granting Final Approval of Debtor's Disclosure Statement and Plan Supplement, and (II) Confirming Debtor's Second Amended Plan of Liquidation* (the "Confirmation Order") [ECF No. 392] entered on December 1, 2023, which Plan became effective on December 14, 2023 ("Plan Effective Date").

C.     As part of the confirmed Plan, the Ark Laboratory Trust, a liquidating trust (the "Trust"), was established on the Plan Effective Date, as evidenced by the Liquidating Trust Agreement and Declaration of Trust ("Initial Trust Agreement"), at which time, all of the remaining assets of the Debtor, including the Causes of Action[2] (which included the Avoidance Actions arising under chapter 5 of the Bankruptcy Code), were transferred to the Trust.

D.     The Trust Agreement was subsequently amended pursuant to the First Amended and Restated Liquidating Trust Agreement and Declaration of Trust, approved by the Court ("Amended Trust Agreement" and, together with the Initial Trust Agreement, the "Trust Agreement") on July 9, 2024 pursuant to an *Order Granting Ex Parte Motion of Successor Trust to Approve Restated and First Amended Liquidation Trust Agreement and Declaration of Trust* [ECF No. 649].

---

[2] All capitalized terms not defined herein shall have the meanings provided in the Plan.

E.     Paul R. Hage was appointed as the initial trustee of the Trust (the "Trustee") and, after he resigned, Jason W. Bank was appointed as the Successor Trustee of the Trust pursuant to the Court's *Order (I) Approving the Appointment of Jason W. Bank as Successor Trustee of the Ark Laboratory Trust and (II) Granting Other Relief* [ECF No. 644].

F.     Section 4.2.11 of the Trust Agreement authorizes, among other things, the Successor Trustee "to prosecute and/or settle any Causes of Action, with or without approval of the Bankruptcy Court . . . ."

## II.     The Commencement of the Adversary Proceeding

A.     On December 22, 2023, the Trustee, as plaintiff, commenced the 22-count Adversary Proceeding against the Defendants, asserting various causes of actions against the Defendants, including (i) avoidance and recovery of fraudulent conveyances under Sections 544, 548 and 550 of the Bankruptcy Code and the Michigan Voidable Transactions Act, M.C.L. §§ 566.31 *et seq.*, (ii) avoidance and recovery of preferential transfers under Sections 547 and 550 of the Bankruptcy Code, (iii) avoidance and recovery of post-petition transfers under Sections 549 and 550 of the Bankruptcy Code, (iv) equitable subordination under Sections 105 and 510 of the Bankruptcy Code, and (v) recharacterization (the "Initial Complaint").

B.     The Initial Complaint was subsequently amended to add an additional count for breach of the Operating Agreement of the Debtor by Grossi, Tierney, Kiminaia and the Trusts (the "Amended Complaint" and, together with the Initial Complaint, the "Complaint").

C.     Each of the Defendants filed answers to the Complaint, filed numerous affirmative defenses and denied any liability.

D.     Prior to the commencement of the Chapter 11 Case, the Debtor purchased a Business and Management Indemnity Policy in the amount of $1 million, Policy No. EK13461050

(the "Insurance Policy") from Scottsdale Indemnity Company (the "Insurer"), under which the Insurer has been paying defense costs for Grossi, Tierney, Kiminaia and Sattar to defend the claims asserted against them in the Adversary Proceeding.

E.      The Plaintiff and the Defendants participated in extensive discovery consisting of depositions, interrogatories, requests to produce documents and requests to admit. In addition, the Plaintiff and the Defendants engaged in a three-day mediation to attempt to resolve the claims in the Complaint in August 2024.

F.      On April 15, 2025, Grossi filed a voluntary petition under chapter 13 of the Bankruptcy Code, Case No. 25-43866 (the "Chapter 13 Case"), which imposed an automatic stay that precluded collection action as to Grossi.

G.      On June 2, 2025, the Court held a hearing and granted the Successor Trustee's *Motion to Modify the Automatic Stay Under 11 U.S.C §362* [Grossi Chapter 13 ECF No. 13] in the Chapter 13 Case. *See Order Modifying the Automatic* Stay [Grossi Chapter 13 ECF 37].

H.      The Successor Trustee and Grossi acknowledge that they did not engage in any material settlement discussions between the date the mediation resolution fell apart and the petition date in Grossi's Chapter 13 Case.

I.      The Parties have engaged in several weeks of extensive settlement negotiations and have agreed to a settlement of the Adversary Proceeding pursuant to the terms and conditions set forth in this Settlement Agreement.

J.      In order to seek approval of this Settlement Agreement, the Successor Trustee has filed or will file a *Motion to Approve (I) Settlement of Insider Cause of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the Chapter 11 Case and in the

4

Chapter 13 Case.[3]

NOW, THEREFORE, in consideration of the mutual promises and obligations contained herein, the Parties agree to be legally bound as follows:

**AGREEMENT**

1.     **Recitals**: Each of the Recitals set forth in this Agreement are true and correct and incorporated in their entirety herein.

2.     **Settlement Payment By and On Behalf of Defendants**

(a)     Grossi, Tierney, Kiminaia, Sattar and the Tierney Trust,[4] collectively shall pay the Successor Trustee a total of Seven Hundred Thousand and 00/100 Dollars ($700,000.00) in a lump sum cash payment (the "Lump Sum Settlement Payment") within thirty (30) days after entry of the later of a final nonappealable order approving the Settlement Agreement by the Court in (a) the Chapter 11 Case, and (b) the Chapter 13 Case (collectively, the "Settlement Orders") via the wire instructions, attached as **Exhibit A** to this Settlement Agreement (the "Wire Instructions"). The above payment obligations with respect to the Lump Sum Settlement Payment are not joint and several obligations; rather, the Lump Sum Settlement Payment is comprised of separate and independent payment obligations, as follows: (i) Tierney and/or the

---

[3] References to specific rules of the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __." Similarly, references to specific chapters of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __."

[4] The Insurer is providing Three Hundred Thousand and 00/100 Dollars ($300,000.00) of the Lump Sum Settlement Payment (as defined herein) on behalf of Grossi, Tierney, Kiminaia and Sattar to facilitate the settlement of the Adversary Proceeding pursuant to a separate Settlement Agreement and Release (the "Insurer Settlement Agreement") between the Insurer, on the one hand, and Grossi, Kiminaia, Tierney and Sattar, on the other hand, as referenced in paragraph 2(a).

Tierney Trust shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000); (ii) Sattar shall pay the Successor Trustee the total amount of One Hundred Thousand and 00/100 Dollars ($100,000); and (iii) the Insurer shall pay the Successor Trustee the total amount of Three Hundred Thousand and 00/100 Dollars ($300,000) on behalf of Grossi, Tierney, Kiminaia and Sattar (the "Insurer's Settlement Payment");[5] provided, however, each of these Parties and the Insurer that is contributing a portion of the Lump Sum Settlement Payment are required to pay their portion of the Lump Sum Settlement Payment to the Successor Trustee such that it is actually received by the Successor Trustee within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders; provided, further, until the Successor Trustee has received the last of all of the aforementioned payments from Tierney, the Tierney Trust, Sattar and the Insurer, the time for the Successor Trustee to file the stipulation and submit the order of dismissal of the Adversary Proceeding to the Court as to Kiminaia, Sattar, ION Diagnostic and ION Marketing under the Settlement Agreement shall not start to run. If the Insurer fails to pay the Successor Trustee the Insurer's Settlement Payment, the Successor Trustee may enforce the Insurer's obligation to make the Insurer's Settlement Agreement as an intended third-party beneficiary of the Insurer's Settlement Agreement.

(b)     The Adversary Proceeding shall be dismissed with prejudice and without costs as to all Defendants, except Grossi, Tierney, the Tierney Trust and the Kiminaia Trust, within ten

---

[5] The Insurer may make the Insurer's Settlement Payment to the Successor Trustee via the Wire Instructions or via a check made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI 48226, Attn. Jason W. Bank; provided, however, if the Insurer elects to make the Insurer's Settlement Payment by check, the check must be actually received by the Successor Trustee within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders.

(10) days of the receipt of the Lump Sum Settlement Payment referenced in paragraph 2(a) above by the Successor Trustee, in the form attached as **Exhibit 13** to the Motion.

3.    **Additional Settlement Payment by Tierney and the Tierney Trust**

(a)    Tierney and the Tierney Trust shall pay the Successor Trustee a total of Fifty Thousand and 00/100 Dollars ($50,000.00) (the "Additional Tierney Settlement Payment") within six (6) months of entry of the later of Settlement Orders via the Wire Instructions.

(b)    Tierney and the Tierney Trust may prepay the Additional Tierney Settlement Payment, or any portion thereof, without penalty, cost or charge.

(c)    The Additional Tierney Settlement Payment shall be secured by a pocket consent judgment in the amount of Seventy-five Thousand and 00/100 Dollars ($75,000) (the "Tierney Consent Judgment"), in the form attached as **Exhibit 7** to the Motion. If Tierney or the Tierney Trust fails to timely pay the Additional Tierney Settlement Payment, Tierney and the Tierney Trust will be in default of the Settlement Agreement, and the Successor Trustee will serve a notice of default upon the Tierney and the Tierney Trust and its counsel, as provided in paragraph 25 *infra*. If Tierney or the Tierney Trust fails to timely cure the default by wiring or delivering the Additional Tierney Settlement Payment to the Successor Trustee in collectable funds within fourteen (14) days after receipt of the notice of default, the Successor Trustee may reopen the Adversary Proceeding and file the Tierney Consent Judgment in the amount of Seventy-five Thousand and 00/100 Dollars ($75,000), less any payments received, with the Court, pursuant to **Exhibit 8** attached to the Motion, and upon entry of the Tierney Consent Judgment, the Successor Trustee may immediately commence collection of the Tierney Consent Judgment against Tierney and the Tierney Trust. Once Tierney or the Tierney Trust pays the

Additional Tierney Settlement Payment in full, the Tierney Consent Judgment will be deemed satisfied and released to Tierney and the Tierney Trust.

(d)     During the pendency of the Settlement Agreement, Tierney shall be prohibited from terminating the Tierney Trust.

(e)     The Adversary Proceeding shall be dismissed without prejudice and without costs as to the Tierney and the Tierney Trust within thirty (30) days of the later of the entry of the final nonappealable Settlement Orders and receipt of the Lump Sum Settlement Payment by the Successor Trustee, in the form attached as **Exhibit 14** to the Motion. Within ten (10) days of the Successor Trustee receiving the Additional Tierney Settlement Payment from Tierney or the Tierney Trust or satisfaction of the Tierney Consent Judgment (if there is a default in payment by Tierney or the Tierney Trust), Tierney and the Tierney Trust stipulate to the Successor Trustee reopening the Adversary Proceeding to dismiss the Adversary Proceeding with prejudice and without costs as to Tierney and the Tierney Trust, in the form attached as **Exhibit 16** to the Motion.

4.     **Additional Settlement Payment by the Kiminaia Trust.**

(a)     The Kiminaia Trust shall pay the Successor Trustee a total of Fifty Thousand and 00/100 Dollars ($50,000.00) (the "Kiminaia Settlement Payment") over a period of twelve (12) months as follows: Eight Thousand Seven Hundred and Fifty and 00/100 Dollars ($8,750.00) (the "Initial Installment") to be paid within thirty (30) days after entry of the later of Settlement Orders and thereafter, eleven (11) equal monthly installments in the amount of Three Thousand Seven Hundred and Fifty and 00/100 Dollars ($3,750.00) (collectively, the "Monthly Installment Payments" and each a "Monthly Installment Payment"), with the first such Monthly Installment Payment commencing two (2) months after the entry of the later of Settlement Orders, and

thereafter, each month until all of the Monthly Installment Payments have been remitted to the Successor Trustee. The Initial Installment and each of the Monthly Installment Payments shall be made to the Successor Trust via check made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI, 48226, Attn. Jason W. Bank such that the check for each the Initial Installment and each Monthly Installment Payment is actually received by the Successor Trustee when due.

(b)     The Kiminaia Trust may prepay the Kiminaia Settlement Payment, or any portion thereof, without penalty, cost or charge.

(c)     The Kiminaia Settlement Payment shall be secured by a pocket consent judgment in the amount of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000) (the "Kiminaia Consent Judgment"), in the form attached as **Exhibit 9** to the Motion. If the Kiminaia Trust fails to timely pay the Initial Installment or a Monthly Installment Payment, the Kiminaia Trust will be in default of the Settlement Agreement, and the Successor Trustee will serve a notice of default upon the Kiminaia Trust and its counsel, as provided in paragraph 25 *infra*. If the Kiminaia Trust fails to timely cure the default by wiring or delivering the Monthly Installment Payment to the Successor Trustee in collectable funds within fourteen (14) days after receipt of the notice of default, the Successor Trustee may reopen the Adversary Proceeding and file the Kiminaia Consent Judgment in the amount of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000), less any payments received, with the Court, pursuant to **Exhibit 10** attached to the Motion, and upon entry of the Consent Judgment, the Successor Trustee may immediately commence collection of the Kiminaia Consent Judgment against the Kiminaia Trust and Kiminaia, as Trustee of the Kiminaia Trust; provided, however, Kiminaia, individually, shall not be personally liable for the obligations of the Kiminaia Trust. Once the Kiminaia Trust pays

9

the Kiminaia Settlement Payment in full, the Kiminaia Consent Judgment will be deemed satisfied and released to the Kiminaia Trust.

(d)     During the pendency of the Settlement Agreement, Kiminaia shall be prohibited from terminating the Kiminaia Trust and, if he does so, he shall be individually liable for the Kiminaia Settlement Payment and the liability under the Kiminaia Consent Judgment.

(e) The Adversary Proceeding shall be dismissed without prejudice and without costs as to the Kiminaia Trust upon the later of (i) ten (10) days of receipt of the Initial Installment by the Successor Trustee, and (ii) entry of the later of the Settlement Orders, in the form attached as **Exhibit 15** to the Motion. Within ten (10) days of the Successor Trustee receiving the final Monthly Installment Payment from the Kiminaia Trust or satisfaction of the Kiminaia Consent Judgment (if there is a default in payment by the Kiminaia Trust), the Kiminaia Trust stipulates to the Successor Trustee reopening to dismiss the Adversary Proceeding with prejudice and without costs as to the Kiminaia Trust, in the form attached as **Exhibit 17** to the Motion.

5.     **Additional Settlement Payment by Grossi**

(a)     During the pendency of the Chapter 13 Case, the Successor Trustee shall not take any action to collect from Grossi, except as expressly authorized in this Settlement Agreement.

(b)     Grossi hereby consents to a judgment of nondischargeability in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) (the "Nondischargeability Judgment") pursuant to a stipulation and judgment, in the form attached as **Exhibit 11** to the Motion; and the Trust shall be entitled to an allowed Class Nine general unsecured claim in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) in the Chapter 13 Case, with such claim to be treated as nondischargeable until Grossi has satisfied his obligations under

10

this Settlement Agreement (the "Grossi Claim"), in the form attached as **Exhibit 11** to the Motion.

(c)      If Grossi defaults under the Settlement Agreement and fails to cure said default(s), as set forth in section 4(h) below after Grossi's discharge in the Chapter 13 Case has been granted and/or the Chapter 13 Case has been closed, Grossi ~~stipulates~~shall not object to the reopening of the Chapter 13 Case for ~~the Successor Trustee to seek entry~~entry to of the Nondischargeability Judgment pursuant to a motion filed by the Successor Trustee pursuant to Bankruptcy Rule 5010, in the form attached as **Exhibit ~~20~~12** to the Motion. Upon entry of an order dismissing or converting the Chapter 13 Case or such action being taken by the Court, the Successor Trustee may seek entry of the Nondischargeability Judgment, pursuant to the stipulation and order attached as **Exhibit 11** to the Motion and, if at such time, Grossi has not defaulted under the Settlement Agreement or failed to cure said default(s) as set forth in section 5(h) below, the Successor Trustee shall stay enforcement and collection of the Nondischargeability Judgment until Grossi defaults and fails to cure such default, as provided herein.

(d)      If the Court enters an order confirming a chapter 13 plan and Grossi makes all payments required thereunder, Grossi shall have sixty (60) months from the issuance of his discharge in the Chapter 13 Case to pay the Grossi Claim. Grossi may make such payments either pursuant to the Wire Instructions or via check delivered to the Successor Trustee in collectable funds made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC, 500 Woodward Avenue, Suite 2500, Detroit, MI, 48226, Attn. Jason W. Bank such that the check is actually received by the Successor Trustee when due.

(e)     Grossi may prepay the Grossi Claim or any portion thereof at any time without penalty, cost or charge.

(f)     If Grossi dies (i) the Grossi Claim shall be deemed paid in full, (ii) the Trust shall have no further claim or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity against Grossi's estate, heirs, family members, beneficiaries or assets, and (iii) the Trust waives its right to pursue collection of the Grossi Claim from any source whatsoever.

(g)     The Successor Trustee retains the right to sell, assign or transfer the Grossi Claim.

(h)     If (i) Grossi's chapter 13 plan is not confirmed, (ii) the Chapter 13 Case is converted to chapter 7, or (iii) the Chapter 13 Case is dismissed, Grossi shall pay the Successor Trustee Two Hundred Thousand and 00/100 Dollars ($200,000.00), less any payments previously received on account of the Grossi Claim, in sixty (60) equal monthly payments (collectively, the "Grossi Monthly Installment Payments" and each the "Grossi Monthly Installment Payment"), with the first monthly payment to commence on the thirtieth (30th) day after entry of the order of dismissal or conversion but in no event earlier than May 1, 2026, with each Grossi Monthly Installment Payment made thereafter on the fifteenth (15th) day of each month. The Successor Trustee shall hold (and not submit for entry by any court) the Nondischargeability Judgment unless and until Grossi defaults in his payment obligations. Upon the occurrence of a default in payment, the Successor Trustee will serve Grossi and his counsel with a notice of default, as provided in paragraph 25 *infra*. If Grossi fails to timely cure the default by wiring the Grossi Monthly Installment to the Successor Trustee either (i) pursuant to the Wire Instructions, or (ii) via check delivered to the Successor Trustee in collectable funds made payable to Jason W. Bank, Successor Trustee and sent to Kerr Russell and Weber, PLC,

500 Woodward Avenue, Suite 2500, Detroit, MI 48226, Attn. Jason W. Bank such that the check is actually received by the Successor Trustee when due, within fourteen (14) days of the Notice of Default, Grossi stipulates, if the Chapter 13 Case is closed to the reopening of, to not objecting to the Successor Trustee's motion to reopen the Chapter 13 Case pursuant to Bankruptcy Rule 5010 for the Successor Trustee to submit the Nondischargeability Judgment in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00), less any payments received, in the form attached as **Exhibit 12** hereto, to the Court for entry.

(i)     Notwithstanding anything in this Settlement Agreement to the contrary, if Grossi pays the Successor Trustee the aggregate amount of One Hundred and Thirty-Five Thousand and 00/100 Dollars ($135,000.00), inclusive of any payments made to the Successor Trustee on the Grossi Claim, within forty-five (45) months of (i) the entry of an order dismissing or converting the Chapter 13 Case, or (ii) the issuance of a discharge in the Chapter 13 Case, pursuant to timely monthly payments due to be paid to the Successor Trustee on the fifteen (15th) day of each month, the Nondischargeability Judgment and Grossi Claim shall be deemed satisfied and paid in full and the Trust shall have no further claim or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity against Grossi.

(j)     Upon the later of (i) the later entered Settlement Order, and (ii) the entry of the order allowing the Grossi Claim, the Adversary Proceeding as to Grossi shall be dismissed without prejudice and without costs, in the form attached as **Exhibit 18** to the Motion. Within ten (10) days of Grossi completing his obligations contained in this paragraph 5, Grossi stipulates to the Successor Trustee reopening the Adversary Proceeding with prejudice and without costs as to Grossi, in the form attached as **Exhibit 19** to the Motion.

(k)     Upon Grossi's satisfaction of his payment obligations to the Trust, as set forth in this paragraph 5 of the Settlement Agreement~~,~~ Grossi ~~stipulates~~shall not object to the ~~Successor Trustee~~ reopening of the ~~Adversary Proceeding for~~Chapter 13 Case for entry of a Satisfaction of pursuant to a motion filed by the Successor Trustee ~~to submit to the Court for entry a Satisfaction of the Nondischargeabilty Judgment, if the Nondischargeabilty Judgment was previously entered~~pursuant to Bankruptcy Rule 5010, in the form attached as **Exhibit 20** to the Motion.

6.     **Mutual Releases**.

A.     Except for the obligations set forth in this Settlement Agreement, and subject to the timing of releases as set forth below, the Successor Trustee on one hand, and the Defendants, on the other hand, fully and unconditionally release each other, as well as their successors, assigns, and attorneys, from any and all claims, losses, liabilities, damages, and causes of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity as a result of any act, omission, transaction, contract, statement, representation, event, or occurrence that occurred prior to the date of this Settlement Agreement, including, but not limited to, all claims that have been made or could have been made in the Chapter 11 Case, the Chapter 13 Case and the Adversary Proceeding currently pending between the Parties in the Court (the "Released Claims"). Notwithstanding the foregoing, nothing in this Settlement Agreement addresses, resolves and/or releases any claims among and/or between the Defendants.

B.     With respect to the Defendants, other than Tierney, Grossi, the Tierney Trust and the Kiminaia Trust, the releases set forth above shall only be effective upon (i) entry of the Settlement Orders, and (ii) receipt of the Lump Sum Settlement Payment referenced in paragraph 2(a) above by the Successor Trustee.

14

C.     With respect to the releases between Grossi and the Successor Trustee, such releases shall only be effective upon entry of (i) the Settlement Orders, and (ii) the order approving the Grossi Claim; provided; however, such release shall not apply to the Grossi Claim and the Nondischargeable Judgment.

D.     With respect to the Kiminaia Trust, such releases shall only be effective upon the entry of (i) the Settlement Orders, and (ii) receipt of the Kiminaia Settlement Payment or satisfaction of the Kiminaia Consent Judgment, in accordance with the terms set forth above in paragraph 4.

E.     With respect to Tierney and the Tierney Trust, such releases shall only be effective upon the entry of (i) the Settlement Orders, (ii) receipt of the Lump Sum Settlement Payment, and (iii) receipt of the Additional Tierney Settlement Payment or satisfaction of the Tierney Consent Judgment, in accordance with the terms set forth above in paragraph 3.

F.     Each of the Defendants hereby waive (i) any claims scheduled for them by the Debtor, (ii) any proofs of claim filed by them in the Debtor's Chapter 11 Case, and (iii) any claims that they may assert against the Debtor's estate on the basis of Section 502(h) of the Bankruptcy Code or any other basis.

F.     Defendants acknowledge and agree that, notwithstanding anything in this Agreement to the contrary, by execution of this Settlement Agreement, no Defendant is releasing any other Defendant, or their successors or assigns, from any claim, loss, liability, damage, or cause of action of any kind or nature, known or unknown, accrued or unaccrued, whether in tort, contract, or by statute, common law, or equity as a result of any act, omission, transaction, contract, statement, representation, event, or occurrence that occurred prior to the date of this Settlement Agreement.

15

G. Each Party is aware that hereafter it/he may discover claims or facts in addition to or different from those it/he now knows or believes to be true with respect to the matters addressed herein. Nevertheless, it is each Party's intention to settle and to fully, finally, and forever release all Released Claims, whether suspected or unsuspected. In furtherance of their intentions, each Party's release given herein shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relating thereto.

H. Each Party warrants and represents that no other person or entity has any interest in any Released Claims and that it/he has not sold, assigned, transferred, or otherwise conveyed the Released Claims; provided, however, nothing contained herein shall preclude or prohibit the Successor Trustee from subsequently assigning, transferring or selling the Grossi Claim, as provided in paragraph 20, *infra*.

I. Except as to a breach of any representation, obligation or duty in this Settlement Agreement, each Party covenants and agrees that it/he will not institute any action or actions, cause or causes of action (in law or in equity), suits, debts, liens, claims, demands, known or unknown, fixed or contingent, that it/he may have or claim to have in state or federal court, or with any state, federal or local government agency, or with any administrative or advisory body relating to, in any way whatsoever, the Released Claims.

7. **Fees and Costs.** The Successor Trustee agrees not to object to insurance coverage for the reimbursement of attorney's fees and expenses for Grossi, Tierney, Kiminaia and Sattar by the Insurer.

8. **Court Approval**: This Settlement Agreement is subject to (i) the filing of the Motion for Approval of the Settlement Agreement pursuant to Fed.R.Bankr.P. 9019 in the Ark

16

Laboratory Chapter 11 Case and in the Grossi Chapter 13 Case, (ii) entry of the Settlement Orders, and (iii) entry of an order allowing the Grossi Claim in the Chapter 13 Case.

9. **Entire Agreement.** This Settlement Agreement and the exhibits attached hereto constitute the entire understanding with respect to the subject matter hereof, and this Settlement Agreement supersedes and replaces, in their entirety, all prior or contemporaneous agreements, discussions, statements, or representations, oral or written. Any modifications or amendments to this Settlement Agreement must be in writing and signed by the Parties to be charged in order to be effective. This Settlement Agreement may not be contradicted by prior, contemporaneous, or subsequent oral agreements. All prior and contemporaneous oral agreements, if any, between the Parties are merged into this Settlement Agreement and do not survive this Settlement Agreement's execution. This Settlement Agreement is an integrated document and the consideration stated herein is the sole consideration for this Settlement Agreement. Notwithstanding the foregoing, Grossi, Tierney, Kiminaia and Sattar executed a separate and independent Settlement and Release Agreement with the Insurer necessary for the Insurer's Settlement Payment.

10. **No Admissions**: The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. It is understood that this Settlement Agreement does not constitute an admission of wrongdoing or liability on the part of any Party, but is made to terminate further controversy respecting the claims and relationships settled herein. This Settlement Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability or wrongdoing, or for any purpose other than to enforce the terms of this Settlement Agreement or as otherwise stated herein.

11.    **Advice of Counsel**: The Parties acknowledge that each has had the opportunity to seek and rely upon the advice of counsel in the negotiation and execution of this Settlement Agreement.

12.    **Drafting Provision.** This Settlement Agreement is entered into among competent businesspersons and has been reviewed by the Parties and their counsel, if any. Therefore, any ambiguous language in this Settlement Agreement will not be interpreted or construed for or against any particular Party.

13.    **Authority**: Subject to entry of the Settlement Orders, the Parties represent and warrant that they have full power, authority and legal right to, and have obtained all approvals and consents necessary to execute, deliver and perform all actions required under this Settlement Agreement.

14.    **Severability/Partial Invalidity.** Each of the Parties hereto intends and believes that each provision of this Settlement Agreement comports with all applicable local, state and federal laws. However, if any provision or provisions, or any portion of any provision or provisions, of this Settlement Agreement is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law administrative decisions, or public policy, or if such court should declare such portion, provision or provisions of this Settlement Agreement to be illegal, invalid, unlawful, void or unenforceable as written, it is the intent of each of the Parties hereto that any such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Settlement Agreement shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein, and that the rights,

18

obligations, and interest of the Parties hereto under the remainder of the Settlement Agreement shall continue in full force and effect.

15.     The term *"including"* means "including, without limitation," and the term *"includes"* means "includes, without limitation."

16.     **Headings.** All headings are inserted for convenience and do not affect this Settlement Agreement's construction or interpretation.

17.     **Counterparts**: This Settlement Agreement may be executed in several counterparts, each of which shall constitute an original, so that all of which taken together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic scan shall be considered as one and the same as an original signature.

18.     **Merger/No Oral Modification**: This Settlement Agreement constitutes the entire understanding of the Parties in connection with the subject matter hereof and may only be amended or modified in a writing signed by the Parties to be bound.

19.     **Binding Effect.** Except as otherwise provided herein, this Settlement Agreement is binding on each Party and their respective successors, assigns, heirs, and personal representatives.

20.     **Inconsistency/Controlling Documents.** To the extent there is any discrepancy between the terms set forth in the Motion, the Settlement Orders and this Settlement Agreement, the terms of this Settlement Agreement shall control.

21.     **Nonassignability.** This Settlement Agreement shall inure to the benefit of and may be enforced by the Parties hereto and their respective successors, assigns, including any direct or indirect successor by purchase, merger, consolidation or otherwise to all or substantially of the business and/or assets of the Parties. None of the Parties may assign their rights or obligations in connection with this Settlement Agreement without the prior written consent of all

19

the Parties subject to this Settlement Agreement; provided, however, the Successor Trustee retains the right to sell, assign or transfer the Grossi Claim.

22. **Costs and Attorneys' Fees**: The Parties shall each bear their own fees and costs, including attorney's fees, associated with this Settlement Agreement and the resolution of the claims subject hereto.

23. **Choice of Law**: This Settlement Agreement is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Michigan and shall be in all respects governed, construed, applied and enforced in accordance with the laws of the State of Michigan irrespective of its conflict of law provisions.

24. **Jurisdiction**: To the extent a dispute arises under this Settlement Agreement, it shall be determined by the Court.

25. **Notice.** All notices and other communications required or permitted under this Agreement shall be in writing and shall be deemed to have been duly given, made and received only when delivered (personally, by courier service such as Federal Express, or by other messenger), when sent by electronic facsimile or four days following the day when deposited in the United States mail, registered or certified air mail, postage prepaid, return receipt requested, addressed as set forth below:

| | |
|---|---|
| If to Grossi: | James A. Grossi<br>1344 Addington Court<br>Lake Orion, MI 48360<br>Email: thun2210@hotmail.com |
| With a copy to: | Michael A. Zousmer<br>Zousmer Law Group PLC<br>4190 Telegraph Road, Suite 3000<br>Bloomfield Hills, MI 48302<br>Email: Michael@zlawplc.com |
| | and |

20

Brian Witus
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, MI 48009
Email: bwitus@saretsky.com

and

Afan Bapacker
The Law Office of Afan Bapacker, P.C.
1 Parkland Blvd.
Suite 729 East
Dearborn, MI 48126
Email: afan@ba[ackerlaw.com

If to Sattar:

Hamid Sattar
6050 Greenfield Road, Suite 101
Dearborn, MI 48126
Email: sattarham@gmail.com

With a copy to:

Michael A. Zousmer
Zousmer Law Group PLC
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302
Email: Michael@zlawplc.com

and

Brian Witus
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, MI 48009
Email: bwitus@saretsky.com

If to Kiminaia:

Nameer Kiminaia
132 Linda Court
Bloomfield Hills, MI 48304-2814
Email: nkiminaia@iondiagnostics.com

With a copy to:

Michael A. Zousmer
Zousmer Law Group PLC
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302
Email: Michael@zlawplc.com

and

|  | Brian Witus |
|---|---|
|  | Saretsky Hart Michaels + Gould PC |
|  | 995 South Eton |
|  | Birmingham, MI 48009 |
|  | Email: bwitus@saretsky.com |
| If to Tierney: | Brian Tierney |
|  | 18439 N. Shore Estates Road |
|  | Spring Lake, MI 49456-9117 |
|  | Email: btierney@iondiagnostics.com |
| With a copy to: | Michael A. Zousmer |
|  | Zousmer Law Group PLC |
|  | 4190 Telegraph Road, Suite 3000 |
|  | Bloomfield Hills, MI 48302 |
|  | Email: Michael@zlawplc.com |
|  | and |
|  | Brian Witus |
|  | Saretsky Hart Michaels + Gould PC |
|  | 995 South Eton |
|  | Birmingham, MI 48009 |
|  | Email: bwitus@saretsky.com |
| If to the Tierney Trust: | Brian Tierney |
|  | 18439 N. Shore Estates Road |
|  | Spring Lake, MI 49456-9117 |
|  | Email: btierney@iondiagnostics.com |
| With a copy to: | Raymond J. Salloum |
|  | Raymond J. Salloum PC |
|  | 40700 Woodward Ave., Ste. 305 |
|  | Bloomfield Hills, MI 48304 |
|  | Email: salloumlaw@comcast.net |
| If to the Kiminaia Trust: | Nameer Kiminaia |
|  | 132 Linda Court |
|  | Bloomfield Hills, MI 48304-2814 |
|  | Email: nkiminaia@iondiagnostics.com |

22

| | |
|---|---|
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to ION Diagnostics: | Brian Tierney<br>18439 N. Shore Estates Road<br>Spring Lake, MI 49456-9117<br>Email: btierney@iondiagnostics.com |
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to ION Marketing: | Brian Tierney<br>18439 N. Shore Estates Road<br>Spring Lake, MI 49456-9117<br>Email: btierney@iondiagnostics.com |
| With a copy to: | Raymond J. Salloum<br>Raymond J. Salloum PC<br>40700 Woodward Ave., Ste. 305<br>Bloomfield Hills, MI 48304<br>Email: salloumlaw@comcast.net |
| If to the Successor Trustee: | Jason W. Bank<br>Kerr Russell and Weber, PLC,<br>500 Woodward Avenue, Suite 2500,<br>Detroit, MI 48226<br>Email: jbank@kerr-russell.com |
| With a copy to: | Kimberly Ross Clayson and<br>Judith Greenstone Miller<br>Taft Stettinius & Hollister LLP<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034<br>Email: kclayson@taftlaw.com<br>        jgmiller@taftlaw.com |

26.    **Effective Date.** This Agreement shall be effective on the first day following the later of (i) the Settlement Orders becoming final and (ii) the order approving Creditor Claim, each becoming final and nonappealable.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date set forth below.

**JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

By: _____

Its: _____

Dated: _____

**BRIAN TIERNEY**

By: _____

Dated: _____

**HAMID SATTAR**

By: _____

Dated: _____

**NAMEER KIMINAIA**

By: _____

Dated: _____

**ION DIAGNOSTICS, LLC**

By: _____

Its: _____

Dated: _____

**ION MARKETING, LLC**

By: _____

Its: _____

Dated: _____

**\*\*\*(ADDITIONAL SIGNATURES ON FOLLOWING PAGE)\*\*\***

25

**THE TIERNEY FAMILY TRUST DATED 12/21/2018, AMENDED AND RESTATED AND NOW KNOWN AS BRIAN O. TIERNEY LIVING TRUST DATED MARCH 3, 2021**

By: _____

Its: _____

Dated: _____

**JAMES A. GROSSI**

By: _____

Dated: _____

**THE NAMEER KIMINAIA LIVING TRUST DATED 5/31/2019, ALSO KNOWN AS KIMINAIA LIVING TRUST DATED 5/31/2019**

By: _____

Its: _____

Dated: _____

26

174161852

**EXHIBIT A**

**WIRE INSTRUCTIONS**

174161852

| Summary report: Litera Compare for Word 11.8.0.56 Document comparison done on 7/22/2025 10:54:21 AM | |
| --- | --- |
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taft-mobility.imanage.work/ACTIVE/174161852/1 | |
| **Modified DMS:** iw://taft-mobility.imanage.work/ACTIVE/174532878/1 | |
| **Changes:** | |
| Add | 13 |
| Delete | 9 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 22 |

# EXHIBIT B
## To Notice

**Amended Exhibit 11**

**Stipulation And Order Of Judgment Of Nondischargeable
Grossi Claim In The Amount Of $200,000**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| James Anthony Grossi, | ) | Case No.: 25-43866 |
| | ) | |
| Debtor. | ) | Judge Maria L. Oxholm |
| | ) | |

## STIPULATION FOR ORDER ALLOWING CLASS 9 UNSECURED CLAIM OF JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST

James Anthony Grossi (the "Debtor") and Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Creditor") (the "Trustee" and collectively, with the Debtor, the "Parties") by their undersigned counsel state as follows:

WHEREAS prior to the above-captioned bankruptcy proceeding (the "Chapter 13 Case"), Debtor was a defendant in an adversary proceeding known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "Ark Adversary Proceeding"), pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Court") in the chapter 11 case of Ark Laboratory, LLC, Case No. 23-43403-MLO (the "Chapter 11 Case"); and

WHEREAS the Creditor and the Debtor have reached a settlement of the Ark Adversary Proceeding, the terms of which are memorialized in the *Successor*

*Trustee's Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* filed in the Chapter 13 Case [ECF No. ___] and filed in the Chapter 11 Case [ECF No. __] (the "9019 Motion"); and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor agreed to settlement terms which include the allowance of the Creditor's claims against the Debtor in the amount of $200,000.00 (the "Creditor's Claim") to be treated as nondischargeable; and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor has agreed that if he (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor, or (ii) if a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file a nondischargeability judgment (the "Nondischargeability Judgment"), in the form attached as **Exhibit B** hereto, and if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment not seek to enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

NOW THEREFORE, the Parties agree to entry of the proposed Order attached hereto as **Exhibit A** hereto.

2

**STIPULATED AND AGREED TO:**

**THE LAW OFFICE OF AFAN BAPACKER, P.C.**

/s/ *Afan Bapacker (With Permission)*
Afan Bapacker (P70885)
1 Parklane Blvd.
Suite 729 East
Dearborn, MI 48126
(313) 429-9525
afan@bapackerlaw.com

*Counsel for the Debtor*

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

**JAMES ANTHONY GROSSI**

James Antony Grossi, the Debtor

**Exhibit A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

James Anthony Grossi,                          Case No. 25-43866
                                               Chapter 13
      Debtor.                             Hon. Maria L. Oxholm

_____/

## ORDER ALLOWING CLASS 9 UNSECURED CLAIM
## OF JASON W. BANK, SOLELY IN HIS CAPACITY AS
## SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST

THIS MATTER came before the Court upon the Parties[1] *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); the Court having reviewed the Stipulation and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED the Creditor's Claim against the Debtor shall be allowed as a Class Nine unsecured claim in the total amount of $200,000.00 under the Debtor's chapter 13 plan.

IT IS FURTHER ORDERED that the Creditor Claim is hereby deemed to be nondischargeable under 11 U.S.C. 523(a).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

IT IS FURTHER ORDERED that Creditor's Claim will be subject to the entry of a judgment of nondischargeability if the Debtor (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor in the amount of $200,000 less any previous payments made by the Debtor on the Creditor Claim (the "<u>Nondischargeability Judgment</u>") or (ii) a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file the Nondischargeability Judgment.

IT IS FURTHER ORDERED that if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment not seek to enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the terms of this Order.

2

**Exhibit B**

**Nondischargeability Judgment**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

James Anthony Grossi,                              Case No. 25-43866
                                                    Chapter 13
      Debtor.                              Hon. Maria L. Oxholm

_____/

## NONDISCHARGEABILITY JUDGMENT

This matter having come before the Court upon the *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); James Anthony Grossi (the "Debtor") having defaulted and failed to timely cure his obligations under the Settlement Agreement to pay the Creditor Claim,[2] after notice by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Creditor herein, and the Court having read same and being otherwise fully apprised of the matter;

IT IS HEREBY ORDERED that the Creditor Claim in the amount of $200,000, less any prior payments made by the Debtor on the Creditor Claim, is nondischargeable.

---

[2] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise expressly stated to the contrary herein.

**Redline Version of Exhibit 11**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| James Anthony Grossi, | ) | Case No.: 25-43866 |
| | ) | |
| Debtor. | ) | Judge Maria L. Oxholm |
| _____ | ) | |

**STIPULATION FOR ORDER ALLOWING CLASS 9 UNSECURED CLAIM OF JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

James Anthony Grossi (the "Debtor")~~, and~~ Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Creditor")~~, and the Chapter 13 Trustee, Tammy Terry~~ (the "Trustee" and collectively, with the Debtor, the "Parties") by their undersigned counsel state as follows:

WHEREAS prior to the above-captioned bankruptcy proceeding (the "Chapter 13 Case"), Debtor was a defendant in an adversary proceeding known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "Ark Adversary Proceeding"), pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Court") in the chapter 11 case of Ark Laboratory, LLC, Case No. 23-43403-MLO (the "Chapter 11 Case"); and

WHEREAS the Creditor and the Debtor have reached a settlement of the Ark Adversary Proceeding, the terms of which are memorialized in the *Successor Trustee's Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* filed in the Chapter 13 Case [ECF No. ___] and filed in the Chapter 11 Case [ECF No. __] (the "9019 Motion"); and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor agreed to settlement terms which include the allowance of the Creditor's claims against the Debtor in the amount of $200,000.00 (the "Creditor's Claim") to be treated as nondischargeable; and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor has agreed that if he (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor, or (ii) if a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file a nondischargeability judgment (the "Nondischargeability Judgment"), in the form attached as **Exhibit B** hereto, and if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment

not seek to enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

NOW THEREFORE, the Parties agree to entry of the proposed Order attached hereto as **Exhibit A** hereto.

**STIPULATED AND AGREED TO:**

**THE LAW OFFICE OF AFAN BAPACKER, P.C.**

/s/ *Afan Bapacker (With Permission)*
Afan Bapacker (P70885)
1 Parklane Blvd.Suite 729
EastDearborn, MI 48126
(313) 429-9525
afan@bapackerlaw.com

*Counsel for the Debtor*

**JAMES ANTHONY GROSSI**

_____
_
James Antony Grossi, the Debtor

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

~~*Counsel for Plaintiff Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust*~~
~~**OFFICE OF THE CHAPTER 13 STANDING TRUSTEE, TAMMY L. TERRY**~~
~~By: /s/_____~~
~~TRUSTEE ATTORNEY (P46254)~~
~~Buhl Building~~
~~535 Griswold, Suite 2100~~
~~Detroit, MI 4822~~
~~(313) 967-9857~~
~~www.det13tlt.com~~
~~*Counsel for Tammy L. Terry, Chapter 13 Trustee*~~

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                                  Case No. 25-43866
                                                       Chapter 13
      Debtor.                                  Hon. Maria L. Oxholm
_____/

**ORDER ALLOWING CLASS 9 UNSECURED CLAIM**
**OF JASON W. BANK, SOLELY IN HIS CAPACITY AS**
**SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

THIS MATTER came before the Court upon the Parties[1] *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); the Court having reviewed the Stipulation and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED the Creditor's Claim against the Debtor shall be allowed as a Class Nine unsecured claim in the total amount of $200,000.00 under the Debtor's chapter 13 plan.

IT IS FURTHER ORDERED that the Creditor Claim is hereby deemed to be nondischargeable under 11 U.S.C. 523(a).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

IT IS FURTHER ORDERED that Creditor's Claim will be subject to the entry of a judgment of nondischargeability if the Debtor (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor in the amount of $200,000 less any previous payments made by the Debtor on the Creditor Claim (the "Nondischargeability Judgment") or (ii) a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file the Nondischargeability Judgment.

IT IS FURTHER ORDERED that if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment not seek to enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the terms of this Order.

2

# **Exhibit B**

## **Nondischargeability Judgment**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                          Case No. 25-43866
                                               Chapter 13
      Debtor.                                 Hon. Maria L. Oxholm
_____/

## NONDISCHARGEABILITY JUDGMENT

This matter having come before the Court upon the *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ____] (the "Stipulation"); James Anthony Grossi (the "Debtor") having defaulted and failed to timely cure his obligations under the Settlement Agreement to pay the Creditor Claim,[1] after notice by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Creditor herein, and the Court having read same and being otherwise fully apprised of the matter;

IT IS HEREBY ORDERED that the Creditor Claim in the amount of $200,000, less any prior payments made by the Debtor on the Creditor Claim, is nondischargeable.

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise expressly stated to the contrary herein.

| Summary report: Litera Compare for Word 11.8.0.56 Document comparison done on 7/25/2025 3:50:01 PM | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taft-mobility.imanage.work/ACTIVE/174667224/1 | |
| **Modified DMS:** iw://taft-mobility.imanage.work/ACTIVE/174667237/1 | |
| **Changes:** | |
| Add | 2 |
| Delete | 13 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 15 |

# EXHIBIT C
## To Notice

**Amended Exhibit 12**

**Stipulation Regarding Reopening The Chapter 13 Case For Entry
Of Nondischargeability Judgment As To Grossi**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

James Anthony Grossi,                                    Case No. 25-43866
                                                         Chapter 13
     Debtor.                                           Hon. Maria L. Oxholm
_____/

## STIPULATION REGARDING REOPENING CHAPTER 13 CASE FOR FILING OF NONDISCHAREABILITY JUDGMENT

James Anthony Grossi (the "Debtor")and  Jason W. Bank, solely in his

capacity as Successor Trustee of the Ark Laboratory Trust (the "Creditor" and

collectively, with the Debtor, the "Parties") by their undersigned counsel state as

follows:

WHEREAS prior to the Debtor's above-captioned bankruptcy proceeding

(the "Chapter 13 Case"), Grossi was a defendant in the matter known as *Jason W.*

*Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v.*

*James A. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "Ark Adversary

Proceeding"), pending in the United States Bankruptcy Court for the Eastern District

of Michigan, Southern Division (the "Court") in the chapter 11 case of Ark

Laboratory, LLC, Case No. 23-43403-MLO (the "Chapter 11 Case"); and

WHEREAS the Creditor and the Debtor have reached a settlement of the Ark

Adversary Proceeding, the terms of which were memorialized in the *Successor*

*Trustee's Motion to Approve (I) Settlement of Insider Causes of Action and (II) For*

1

*Other Relief Pursuant to Bankruptcy Rule 9019(a)* filed in the Chapter 13 Case [ECF No. ___] and filed in the Chapter 11 Case [ECF No. __] (the "9019 Motion"); and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor agreed to the Creditor filing a motion to reopen the Chapter 13 Case if Grossi defaults and fails to timely cure the default of his obligations under the Settlement Agreement after the discharge has been granted and the Chapter 13 Case has been closed for entry of a nondischargeability judgment (the "Nondischargeability Judgment");

NOW THEREFORE, the Grossi agrees not to object to the Creditor's motion to reopen the Chapter 13 Case in order to enter the Nondischargeability Judgment, in the form attached as **Exhibit A** hereto.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

2

**STIPULATED AND AGREED TO:**

**THE LAW OFFICE OF AFAN**
**BAPACKER, P.C.**

/s/ *Afan Bapacker (With Permission)*
Afan Bapacker (P70885)
1 Parklane Blvd.
Suite 729 East
Dearborn, MI 48126
(313) 429-9525
afan@bapackerlaw.com


*Counsel for the Debtor*

**TAFT STETTINIUS &**
**HOLLISTER LLP**

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

*Counsel for Jason W. Bank, Solely*
*in his Capacity as Successor*
*Trustee of the Ark Laboratory Trust*



**JAMES ANTHONY GROSSI**

James Antony Grossi, the Debtor

**Exhibit A**

**Nondischargeability Judgment**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

James Anthony Grossi,                         Case No. 25-43866
                                              Chapter 13
     Debtor.                                Hon. Maria L. Oxholm

_____/

## NONDISCHARGEABILITY JUDGMENT

This matter having come before the Court upon the *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); James Anthony Grossi (the "Debtor") having defaulted and failed to timely cure his obligations under the Settlement Agreement to pay the Creditor Claim,[1] after notice by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Creditor herein, and the Court having read same and being otherwise fully apprised of the matter;

IT IS HEREBY ORDERED that the Creditor Claim in the amount of $200,000, less any prior payments made by the Debtor on the Creditor Claim, is nondischargeable.

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise expressly stated to the contrary herein.

**Redline Version of Exhibit 12**

25-43866-mlo   Doc 52   Filed 07/31/25   Entered 07/31/25 11:22:30   Page 95 of 119

In re:

James Anthony Grossi,                           Case No. 25-43866

                                           Chapter 13

     Debtor.                            Hon. Maria L. Oxholm

_____/

## STIPULATION ~~FOR~~REGARDING REOPENING CHAPTER 13 CASE FOR FILING OF NONDISCHAREABILITY JUDGMENT

James Anthony Grossi (the "Debtor")~~,~~and Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Creditor")~~, and the Chapter 13 Trustee, Tammy Terry (the "Trustee"~~ and collectively, with the Debtor, the "Parties") by their undersigned counsel state as follows:

WHEREAS prior to the Debtor's above-captioned bankruptcy proceeding (the "Chapter 13 Case"), Grossi was a defendant in the matter known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "Ark Adversary Proceeding"), pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Court") in the chapter 11 case of Ark Laboratory, LLC, Case No. 23-43403-MLO (the "Chapter 11 Case"); and

WHEREAS the Creditor and the Debtor have reached a settlement of the Ark Adversary Proceeding, the terms of which were memorialized in the

1

*Successor Trustee's Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* filed in the Chapter 13 Case [ECF No. ____] and filed in the Chapter 11 Case [ECF No. ___] (the "<u>9019 Motion</u>"); and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor agreed to the ~~reopening of~~<u>Creditor filing a motion to reopen</u> the Chapter 13 Case if Grossi defaults and fails to timely cure the default of his obligations under the Settlement Agreement after the discharge has been granted and the Chapter 13 Case has been closed for entry of a nondischargeability judgment (the "<u>Nondischargeability Judgment</u>")~~, in the form attached as **Exhibit B** hereto.~~<u>;</u>

NOW THEREFORE, the ~~Parties agree to entry of the proposed Order Reopening~~<u>Grossi agrees not to object to the Creditor's motion to reopen</u> the Chapter 13 Case~~,~~ <u>in order to enter the Nondischargeability Judgment, in the form attached</u> ~~hereto~~ as **Exhibit A** hereto~~, for entry of the Nondischargeability Judgment, attached as **Exhibit B** hereto~~.

***(SIGNATURES ON FOLLOWING PAGE)***

2

**STIPULATED AND AGREED TO:**

THE LAW OFFICE OF AFAN
BAPACKER, P.C.

/s/ *Afan Bapacker (With Permission)*
Afan Bapacker (P70885)
1 Parklane Blvd.Suite 729
EastDearborn, MI 48126
(313) 429-9525
afan@bapackerlaw.com

*Counsel for the Debtor*


**JAMES ANTHONY GROSSI**

_____
James Antony Grossi, the Debtor

TAFT STETTINIUS &
HOLLISTER LLP

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

*Counsel for Jason W. Bank, Solely
in his Capacity as Successor Trustee
of the Ark Laboratory Trust*

~~**OFFICE OF THE CHAPTER 13 STANDING TRUSTEE, TAMMY L. TERRY**~~
~~By: /s/ _____~~
~~TRUSTEE ATTORNEY (P46254)~~
~~Buhl Building~~
~~535 Griswold, Suite 2100~~
~~Detroit, MI 4822~~
~~(313) 967-9857~~
~~www.det13tlt.com~~
~~*Counsel for Tammy L. Terry, Chapter 13 Trustee*~~

3

## Exhibit A

### Proposed Order

In re:

James Anthony Grossi,                                    Case No. 25-43866

                                                          Chapter 13

        Debtor.                                           Hon. Maria L. Oxholm

_____/

**ORDER REOPENING CHAPTER 13 CASE**

        This matter having come before the Court upon the Stipulation to Reopen the Chapter 13 Case for Entry of Nondischargeability Judgment, the Court having found good cause for granting the relief sought therein; the Court having read same and being otherwise fully and duly advised in the premises;

        NOW, THEREFORE, the Court orders as follows;

        1.      The Adversary Proceeding is and shall be reopened for Entry of Nondischargeability Judgment.

1

**Exhibit B**

**Nondischargeability Judgment**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

James Anthony Grossi,                    Case No. 25-43866
                                         Chapter 13
    Debtor.                          Hon. Maria L. Oxholm

_____/

## NONDISCHARGEABILITY JUDGMENT

This matter having come before the Court upon the *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ____] (the "Stipulation"); James Anthony Grossi (the "Debtor") having defaulted and failed to timely cure his obligations under the Settlement Agreement to pay the Creditor Claim,[1] after notice by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Creditor herein, and the Court having read same and being otherwise fully apprised of the matter;

IT IS HEREBY ORDERED that the Creditor Claim in the amount of $200,000, less any prior payments made by the Debtor on the Creditor Claim, is nondischargeable.

---

[1] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise expressly stated to the contrary herein.

| Summary report: |
|---|
| **Summary report:** |
| **Litera Compare for Word 11.8.0.56 Document comparison done on 7/23/2025 11:48:56 AM** |

| | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taft-mobility.imanage.work/ACTIVE/174576912/1 | |
| **Modified DMS:** iw://taft-mobility.imanage.work/ACTIVE/174578698/1 | |
| **Changes:** | |
| Add | 17 |
| Delete | 48 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 65 |

# EXHIBIT D
## To Notice

**Amended Exhibit 20**

**Stipulation Regarding Reopening of The Chapter 13 Case For Filing Of Satisfaction Of Nondischargeability Judgment As To Grossi**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                                     Case No. 25-43866
                                                          Chapter 13
    Debtor.                                   Hon. Maria L. Oxholm

_____/

## STIPULATION REGARDING REOPENING CHAPTER 13 CASE FOR FILING OF SATISFACTION OF JUDGMENT

James Anthony Grossi ("Grossi") and Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Creditor") and holder of a nondischargeability judgment against Grossi, through their respective counsel, stipulate to the filing of a motion to reopen the above referenced Chapter 13 Case by the Creditor pursuant to Fed.R.Bankr.P. 5010 in order for Creditor to file a satisfaction of judgment (the "Satisfaction of Judgment"), a copy of which is attached as **Exhibit A** hereto, pursuant to a Settlement Agreement attached as **Exhibit 6** to the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") [Chapter 13 ECF No. ____] approved by this Court on _____ [Chapter 13 ECF No. ___].

Grossi agrees not to object to the Creditor's motion to reopen the Chapter 13 Case in order for Creditor to Filed the Satisfaction of Judgment.

1

**STIPULATED AND AGREED TO:**

**THE LAW OFFICE OF AFAN**      **TAFT STETTINIUS &**
**BAPACKER, P.C.**                      **HOLLISTER LLP**

/s/ *Afan Bapacker (With Permission)*    /s/ *Kimberly Ross Clayson*
Afan Bapacker (P70885)           Kimberly Ross Clayson (P69804)
1 Parklane Blvd.                   Judith Greenstone Miller (P29208)
Suite 729 East                     27777 Franklin Road, Suite 2500
Dearborn, MI 48126         Southfield, MI 48034
(313) 429-9525                   (248) 351-3000
afan@bapackerlaw.com       kclayson@taftlaw.com
                                   jgmiller@taftlaw.com

*Counsel for the Debtor*        *Counsel for Jason W. Bank, Solely*
                                 *in his Capacity as Successor*
                                 *Trustee of the Ark Laboratory Trust*

**JAMES ANTHONY GROSSI**

_____
James Antony Grossi, the Debtor

2

## Exhibit A

**Proposed Satisfaction of Judgment**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                          Case No. 25-43866
                                               Chapter 13
    Debtor.                 Hon. Maria L. Oxholm
_____/

## SATISFACTION OF JUDGMENT

      Jason W. Bank, solely in his capacity as Liquidation Trustee of the Ark

Laboratory Trust (the "Successor Trustee") and holder of a nondischargeability

judgment entered by the Court on _____ against the Debtor [ECF No. ___]

(the "Nondischargeability Judgment") hereby states that the Nondischargeability

Judgment has been satisfied.

                    **TAFT STETTINIUS & HOLLISTER, LLP**

                    By: */s/ Kimberly Ross Clayson*
                    Judith Greenstone Miller (P29208)
                    Kimberly Ross Clayson (P69804)
                    27777 Franklin Road, Suite 2500
                    Southfield, Michigan 48034
                    (248) 351-3000
                    jgmiller@taftlaw.com
                    kclayson@taftlaw.com

                    *Counsel for Jason W. Bank,*
                    *Solely in his Capacity as Successor*
                    *Trustee of the Ark Laboratory Trust*

Dated: _____

**Redline Version of Exhibit 20**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                    Case No. 25-43866
                                          Chapter 13
    Debtor.                           Hon. Maria L. Oxholm
_____/

**STIPULATION ~~FOR~~REGARDING REOPENING CHAPTER 13 CASE FOR FILING OF SATISFACTION OF JUDGMENT**

~~The parties, through their respective counsel, stipulate to the reopening of the above referenced Chapter 13 Case pursuant to the proposed Order, attached as **Exhibit A** hereto, to enable Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust, and holder of a nondischargeability judgment against James Anthony Grossi, to file a Satisfaction of Judgment, a copy of which is attached as **Exhibit B** hereto.~~

James Anthony Grossi ("Grossi") and Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Creditor") and holder of a nondischargeability judgment against Grossi, through their respective counsel, stipulate to the filing of a motion to reopen the above referenced Chapter 13 Case by the Creditor pursuant to Fed.R.Bankr.P. 5010 in order for Creditor to file a satisfaction of judgment (the "Satisfaction of Judgment"), a copy of which is attached as **Exhibit A** hereto, pursuant to a Settlement Agreement attached as

1

**Exhibit 6** to the *Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") [Chapter 13 ECF No. _____] approved by this Court on _____ [Chapter 13 ECF No. ____].

Grossi agrees not to object to the Creditor's motion to reopen the Chapter 13 Case in order for Creditor to Filed the Satisfaction of Judgment.

***(SIGNATURES ON FOLLOWING PAGE)***

2

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| **THE LAW OFFICE OF AFAN BAPACKER, P.C.** | **TAFT STETTINIUS & HOLLISTER LLP** |
| | |
| /s/ *Afan Bapacker (With Permission)* | /s/ *Kimberly Ross Clayson* |
| Afan Bapacker (P70885) | Kimberly Ross Clayson (P69804) |
| 1 Parklane Blvd.Suite 729 | Judith Greenstone Miller (P29208) |
| EastDearborn, MI 48126 | 27777 Franklin Road, Suite 2500 |
| (313) 429-9525 | Southfield, MI 48034 |
| afan@bapackerlaw.com | (248) 351-3000 |
| | kclayson@taftlaw.com |
| | jgmiller@taftlaw.com |
| | |
| *Counsel for the Debtor* | *Counsel for Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust* |

**JAMES ANTHONY GROSSI**

~~OFFICE OF THE CHAPTER 13 STANDING TRUSTEE, TAMMY L. TERRY~~
~~By: /s/~~_____
~~TRUSTEE ATTORNEY (P46254)~~
~~Buhl Building~~
~~535 Griswold, Suite 2100~~
~~Detroit, MI 4822~~
~~(313) 967-9857~~
~~www.det13tlt.com~~
*~~Counsel for Tammy L. Terry, Chapter 13 Trustee~~*

_____
James Antony Grossi, the Debtor

3

**<u>Exhibit A</u>**

**Proposed ~~Order~~**

25-43866-mlo   Doc 52   Filed 07/31/25   Entered 07/31/25 11:22:30   Page 114 of 119

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

James Anthony Grossi,                              Case No. 25-43866

                                                   Chapter 13

       Debtor.                              Hon. Maria L. Oxholm

_____/

## ORDER REOPENING CHAPTER 13 CASE

This matter having come before the Court upon the Stipulation to Reopen the Chapter 13 Case for Filing a **Satisfaction of Judgment**, the Court having found good cause for granting the relief sought therein; the Court having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court orders as follows;

1. The Adversary Proceeding is and shall be reopened for the filing of a Satisfaction of Judgment and promptly after such filing the Chapter 13 Case shall be closed.

**Exhibit B**

**Satisfaction of Judgment**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

James Anthony Grossi,                         Case No. 25-43866
                                              Chapter 13
      Debtor.                          Hon. Maria L. Oxholm
_____/

## SATISFACTION OF JUDGMENT

     Jason W. Bank, solely in his capacity as Liquidation Trustee of the Ark

Laboratory Trust (the "<u>Successor Trustee</u>") and holder of a nondischargeability

judgment entered by the Court on _____ against the Debtor [ECF No. ____]

(the "<u>Nondischargeability Judgment</u>") hereby states that the Nondischargeability

Judgment has been satisfied.

                  **TAFT STETTINIUS & HOLLISTER, LLP**

                  By: */s/ Kimberly Ross Clayson*_____
                  Judith Greenstone Miller (P29208)
                  Kimberly Ross Clayson (P69804)
                  27777 Franklin Road, Suite 2500
                  Southfield, Michigan 48034
                  (248) 351-3000
                  jgmiller@taftlaw.com
                  kclayson@taftlaw.com

                  *Counsel for Jason W. Bank,*
                  *Solely in his Capacity as Successor*
                  *Trustee of the Ark Laboratory Trust*

Dated: _____

| Summary report: Litera Compare for Word 11.8.0.56 Document comparison done on 7/23/2025 11:52:28 AM | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taft-mobility.imanage.work/ACTIVE/174577162/1 | |
| **Modified DMS:** iw://taft-mobility.imanage.work/ACTIVE/174578984/1 | |
| **Changes:** | |
| Add | 6 |
| Delete | 36 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 42 |