UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| James Anthony Grossi, | ) | Case No.: 25-43866 |
| | ) | |
| Debtor. | ) | Judge Maria L. Oxholm |
| | ) | |

**STIPULATION FOR ORDER ALLOWING CLASS 9 UNSECURED CLAIM OF JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST**

James Anthony Grossi (the "Debtor") and Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust (the "Creditor") (the "Trustee" and collectively, with the Debtor, the "Parties") by their undersigned counsel state as follows:

WHEREAS prior to the above-captioned bankruptcy proceeding (the "Chapter 13 Case"), Debtor was a defendant in an adversary proceeding known as *Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust v. James A. Grossi, et al.*, Adv. Pro. No. 23-04496-MLO (the "Ark Adversary Proceeding"), pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Court") in the chapter 11 case of Ark Laboratory, LLC, Case No. 23-43403-MLO (the "Chapter 11 Case"); and

WHEREAS the Creditor and the Debtor have reached a settlement of the Ark Adversary Proceeding, the terms of which are memorialized in the *Successor*

1

*Trustee's Motion to Approve (I) Settlement of Insider Causes of Action and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* filed in the Chapter 13 Case [ECF No. 46 ] and filed in the Chapter 11 Case [ECF No. 772] (the "9019 Motion"); and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor agreed to settlement terms which include the allowance of the Creditor's claims against the Debtor in the amount of $200,000.00 (the "Creditor's Claim") to be treated as nondischargeable; and

WHEREAS, pursuant to the Settlement Agreement, attached as **Exhibit 6** to the 9019 Motion, the Debtor has agreed that if he (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor, or (ii) if a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file a nondischargeability judgment (the "Nondischargeability Judgment"), in the form attached as **Exhibit B** hereto, and if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment not seek to enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

NOW THEREFORE, the Parties agree to entry of the proposed Order attached hereto as **Exhibit A** hereto.

**STIPULATED AND AGREED TO:**

| THE LAW OFFICE OF AFAN BAPACKER, P.C. | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| /s/ *Afan Bapacker (With Permission)* <br> Afan Bapacker (P70885) <br> 1 Parklane Blvd. <br> Suite 729 East <br> Dearborn, MI 48126 <br> (313) 429-9525 <br> afan@bapackerlaw.com | /s/ *Kimberly Ross Clayson* <br> Kimberly Ross Clayson (P69804) <br> Judith Greenstone Miller (P29208) <br> 27777 Franklin Road, Suite 2500 <br> Southfield, MI 48034 <br> (248) 351-3000 <br> kclayson@taftlaw.com <br> jgmiller@taftlaw.com |

*Counsel for the Debtor*

**JAMES ANTHONY GROSSI**

_____
James Anthony Grossi, the Debtor

# Exhibit A

# Proposed Order

In re:

James Anthony Grossi,                   Case No. 25-43866
                                                                                                   Chapter 13
      Debtor.                                                 Hon. Maria L. Oxholm
_____/

## ORDER ALLOWING CLASS 9 UNSECURED CLAIM OF JASON W. BANK, SOLELY IN HIS CAPACITY AS SUCCESSOR TRUSTEE OF THE ARK LABORATORY TRUST

THIS MATTER came before the Court upon the Parties[1] *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); the Court having reviewed the Stipulation and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED the Creditor's Claim against the Debtor shall be allowed as a Class Nine unsecured claim in the total amount of $200,000.00 under the Debtor's chapter 13 plan.

IT IS FURTHER ORDERED that the Creditor Claim is hereby deemed to be nondischargeable under 11 U.S.C. 523(a).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

IT IS FURTHER ORDERED that Creditor's Claim will be subject to the entry of a judgment of nondischargeability if the Debtor (i) defaults in his obligations under the Settlement Agreement and fails to timely cure such default after notice by the Creditor in the amount of $200,000 less any previous payments made by the Debtor on the Creditor Claim (the "Nondischargeability Judgment") or (ii) a motion to dismiss or to convert the Chapter 13 Case is filed or such action is taken by the Court, the Creditor shall have the right to file the Nondischargeability Judgment.

IT IS FURTHER ORDERED that if an uncured default under the Settlement Agreement has not yet occurred when the Nondischargeability Judgment is entered by the Court, the Creditor shall hold the Nondischargeability Judgment not seek to enforce the Nondischargeability Judgment pending an uncured default by the Debtor under the Settlement Agreement.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the terms of this Order.

# **Exhibit B**

## **Nondischargeability Judgment**

In re:

James Anthony Grossi,   Case No. 25-43866
   Chapter 13
    Debtor.   Hon. Maria L. Oxholm

_____/

## NONDISCHARGEABILITY JUDGMENT

This matter having come before the Court upon the *Stipulation for Order Allowing Class 9 Unsecured Claim of Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust* [ECF No. ___] (the "Stipulation"); James Anthony Grossi (the "Debtor") having defaulted and failed to timely cure his obligations under the Settlement Agreement to pay the Creditor Claim,[2] after notice by Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust and Creditor herein, and the Court having read same and being otherwise fully apprised of the matter;

IT IS HEREBY ORDERED that the Creditor Claim in the amount of $200,000, less any prior payments made by the Debtor on the Creditor Claim, is nondischargeable.

---

[2] All capitalized terms shall have the meanings ascribed to them in the Stipulation unless otherwise expressly stated to the contrary herein.